## SUPREME COURT.

### ARCHIBALD M. BLISS agt. JULIUS F. MOLTER *et al.*

*Affidavit made before an attorney in the action — discharge of attachment.*

The acknowledgment of an undertaking, executed in pursuance of the provisions of the Code of Civil Procedure, and the justification of the sureties therein, written thereon, are essential parts of the instrument (*Code of Civil Procedure, secs.* 810, 812).

The affidavits of justification of sureties, on an undertaking given to discharge an attachment, are affidavits made in the action and, if made before the attorney for the defendant, the undertaking will not be approved or the discharge granted.

*Special Term, December,* 1879.

IN this action plaintiff obtained an attachment against the property of the defendants. Defendants having filed an undertaking made a motion to discharge the attachment. Plaintiff opposed the motion on the ground that the undertaking had been executed before defendants' attorney as notary. In reply, defendants' attorney claimed that the undertaking had been executed before he appeared in the action as attorney.

*D. S. Ritterband,* for defendant, for the motion.

*Adolphus D. Pape,* for plaintiff, opposed.

VAN VORST, *J.*— The rule excluding from consideration affidavits taken in an action before the attorney therein, as a

Bliss agt. Molter *et al.*

notary or commissioner, is an old one (*Taylor* agt. *Hatch*, 12 *Johnson*, 340 ; *Anon.*, 4 *How.*, 290).

The execution of this undertaking was acknowledged, and the justification of the sureties was had, before the person whose name is indorsed on the undertaking as attorney for the defendant.

The acknowledgment of the undertaking and the justification of the sureties are essential portions of the instrument (*Code of Civil Procedure*, secs. 810, 812).

The affidavits were taken in a pending action, the one in which the undertaking is entitled.

Although the attorney did not indorse his name on the paper, until after the affidavits were taken, still it is quite apparent that, in preparing the undertaking, he was acting as the attorney for the defendant and would not be likely to indorse his name until after the completion of the instrument.

The application for the discharge of the attachment can only be made after the defendant has appeared, and upon such application he gives the undertaking (*Code*, secs. 687, 688).

*Vary* agt. *Godfrey* (6 *Cowen*, 587) implies that if the person was *retained* as attorney, that would be sufficient to exclude the affidavit.

It is suggested that these cases are all before the Code, but I do not understand that the Code has made a different rule in this regard.

It is only right that the plaintiff should have a good undertaking in substance and in form, as its effect is to release the lien of his attachment.

The undertaking cannot be approved, and the order discharging the attachment, which is asked, cannot be granted and a new undertaking must be made.