ANDERSON vs. WEHE.

*October 29 — November 20, 1883.*

*Affidavit for attachment.*

An affidavit for an attachment (under sec. 2731, R. S.), made by the
attorney or agent of the plaintiff, which states *positively* the
amount due, need not state the means of the affiant's knowledge
thereof. An intimation to the contrary in *Wiley v. Aultman,* 53
Wis., 560, disapproved.

APPEAL from the Circuit Court for *Ashland* County.

Attachment. The affidavit was made November 22, 1882.
The return of the sheriff on the writ states that he has
" seized all the personal property of the within-named de-
fendant, . . . subject, however, to the former levies made
in [other cases against the same defendant], . . . and I
have caused said property to be appraised by J. E. Mc-
Laughlin and R. F. Goellner, two disinterested freeholders
of said county, who were first sworn by me to make a true
appraisement thereof." An inventory and appraisal in which
the whole stock in trade of the defendant was valued in
gross, was served December 7, and on December 9 an inven-
tory and appraisal, duly itemized, was served and filed. On
November 28, the defendant had agreed in writing to waive
all defects in the proceedings caused by the delay in making
and serving the inventory, as the same was delayed by his
request. Other facts are stated in the opinion.

For the appellant there was a brief by *Knight & Hayes,*
and oral argument by *Mr. J. O. Hayes.* They cited, besides
the cases referred to in the opinion: *Hass v. Prescott,* 38
Wis., 146; *Sharpless v. Ziegler,* 92 Pa. St., 467; *White v.
Stanley,* 29 Ohio St., 423; *Bruff v. Stern,* 81 N. C., 183;
*Jones v. Leake,* 11 S. & M., 591; *Ellison v. Tallon,* 2 Neb.,
14; *Harrison v. King,* 9 Ohio St., 388; *Hockspringer v. Bal-*

*lenburg*, 16 Ohio, 304; Drake on Attach. (5th ed.), §§ 94, 103, 106.

For the respondent there was a brief by *Cottrill & Hanson*, and oral argument by *Mr. Cottrill*.

ORTON, J.   This was a motion by rule to show cause to set aside, vacate, and hold for naught the warrant of attachment and all proceedings thereunder, (1) because the affidavit upon which the writ of attachment was issued does not state the means of knowledge of the affiant, who was the attorney of the plaintiff and made the affidavit in his behalf, upon the subject of the indebtedness of the defendant to the plaintiff, and the other facts; (2) because no inventory or appraisement has been served or filed as the law requires; (3) that such inventory and appraisement are insufficient; (4) that an excessive levy was made under the writ; (5) that the undertaking is void because one of the sureties was an attorney at law in this state.   This last reason was abandoned on the hearing of the motion.   The writ of attachment and all the proceedings thereunder were set aside and held for naught by the circuit court, and from that order this appeal is taken.

1. The affidavit does state that the affiant is one of the attorneys of the plaintiff and makes it on his behalf, and that the defendant is indebted to the plaintiff in a sum exceeding $50, to wit, in the sum of $787, as near as may be, etc.   The sole objection to this affidavit was that the affiant did not state his means of knowledge of the facts stated.   It will be observed that the affiant swears positively to the amount due.   Why should he be required to state the means of his knowledge any more than the plaintiff himself, if he had made the affidavit and swore positively to the facts?   If one swears to facts positively, they are presumed to be within his knowledge, and if they were not, he is guilty of perjury just as much as if they were false.   If such

an affidavit was made on the information and belief of the agent or attorney, then it might be the only safe rule to protect debtors from the unwarranted inception of such harsh and ruinous proceedings in derogation of common law remedies, to require such an affiant to state his means of knowledge. As to the allegations of fraud, they cannot be well stated positively either by the party or his agent, and must necessarily rest, in the first place, on well-grounded suspicion only, and on traverse the plaintiff would be required to prove the fraud. It is as to the debt the materiality of the statements becomes important; and, as to that, the affidavit of the attorney and agent is positive. Whether the rule should be different in case of positive statement of the indebtedness, and its statement on information and belief, it is not necessary in this case to decide, for here the statement is positive, and upon the knowledge of the affiant.

In *Wiley v. Aultman*, 53 Wis., 560, the only question was whether the attorney or agent who made the affidavit in the attachment should swear in the body of the affidavit that he acted on behalf of the plaintiff. There was no question made whether the affiant should also state his means of information or knowledge of the indebtedness and other facts. This court, by Mr. Justice TAYLOR, was unquestionably guilty of an *obiter* in the opinion, in intimating that the means of knowledge of the agent or person who makes the affidavit on behalf of the plaintiff should be stated as to such facts. This was most unquestionably an erroneous intimation; especially in a case where the agent swears upon his positive knowledge. But when he makes the affidavit on mere information and belief, whether he ought not also to state the sources of such information and grounds of such belief is yet an open question. There appears to have been found no case which has gone so far as to require the agent and affiant to support his positive statement of the facts under oath, by his means of knowledge in cases of attach-

ment, either in this court or in any other.  In an affidavit for judgment on *cognovit,* we have adopted, and we still think properly, the substantial requirements of a verification of pleadings.  But the same reasons do not apply in cases of attachment, because a summary traverse may be had, and all such facts required to be proved before judgment.  We now see no good reason for departing from the usual rule in cases of attachment, that the affidavit must conform to the statute, and need go no further than its requirements. *Blaikie v. Griswold,* 10 Wis., 293; *Child v. Child,* 13 Wis., 17; Drake on Attach., §§ 208, 98, 107; and other authorities cited in the brief of appellant's counsel.

2. In respect to the invoice or appraisement, the delay was waived by stipulation, and the return of the officer states that the appraisers were sworn.  There was really but one invoice, an imperfect one completed, and we can see no objection to it; and this disposes also of the third point of objection.

4. That an excessive levy was made is not apparent, for this attachment was made subject to several other levies, of various amounts.

It would seem that this attachment was set aside by the circuit court solely because the affidavit did not state the means of knowledge of the affiant, and on no other grounds, from the intimation, perhaps inconsiderately made, in *Wiley v. Aultman.*  This we regret, and hasten to remove even the force, if it have any, of an *obiter* intimation, which no court is bound to respect as authority.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.