Rice and others, Respondents, vs. Morner and another, Appellants.

*November 9 — December 1, 1885.*

ATTACHMENT. *(1) Affidavit by agent: Means of knowledge. (2) Traverse of affidavit: Admission of sufficiency. (3) Fraudulent conveyance: Mortgage to secure more than due.*

1. Where an affidavit for an attachment is made by an agent of the plaintiff, if the required facts are positively sworn to, the agent's means of knowledge need not be stated.

2. By taking issue upon the allegations of fact in an affidavit for an attachment the defendant admits that the affidavit, if true, is sufficient.

3. The fact that an insolvent debtor executes to one of his creditors a mortgage to secure a greater sum than he owes to such creditor,— it not appearing on the face of the mortgage that it is given to secure future advances,— is sufficient to sustain a finding that the debtor has conveyed a part of his property with intent to defraud his creditors.

APPEAL from the Circuit Court for *Price* County.

During some portion of the year 1884, the plaintiffs (who are partners doing business at Milwaukee) sold goods on credit to the defendants, who were partners and retail merchants at Ogema, in Price county. November 28 in that year, the plaintiffs commenced an action against the defendants for the amount unpaid on account of such sales, and sued out a writ of attachment therein against the property of the defendants. An affidavit of plaintiffs' attorney, duly made in their behalf, was annexed to the writ, in which, among other things, it is stated that "the defendants have assigned, conveyed, disposed of, or concealed, or are about to assign, convey, dispose of, or conceal, their property, or some part thereof, with intent to defraud their creditors." Thereupon the sheriff seized certain property, by virtue of such writ, as the property of the defendants.

The defendants traversed such affidavit, and a trial of the traverse resulted in a finding for the plaintiffs and an order sustaining the attachment. The defendants appeal from such order.

For the appellants there were briefs by *Willis Hand,* attorney, and *Jenkins, Winkler & Smith,* of counsel, and oral argument by *Mr. Hand.*

For the respondents there was a brief by *M. Barry* and *W. E. Wilber,* attorneys, and *Gardner & Gaynor,* of counsel, and oral argument by *Mr. Gardner.*

LYON, J. Counsel for the appellants contends that the affidavit attached to the writ is insufficient to authorize the execution of the writ, because it is made by an agent of the plaintiffs, who does not disclose his means of knowledge of the facts to which he deposes. The required facts are positively sworn to, which is sufficient without also stating the agent's means of knowledge thereof. *Anderson v. Wehe,* 58 Wis. 615. However, this appeal presents no question for determination other than the truth of the facts stated in the affidavit as grounds for executing the writ of attachment. The question of the sufficiency of the affidavit is not involved. On the contrary, by taking issue upon the allegations of fact contained in the affidavit, the appellants admit that the affidavit, if true, is sufficient. Hence the only question to be determined is, Had the defendants, on or before November 28, 1884, made, or were they about to make, a disposition of any portion of their property with intent to defraud their creditors?

It appears from the evidence that between the 15th and 28th days of that month the defendants executed to several of their creditors conveyances of and mortgages upon real estate, and delivered to some of them goods out of their store to apply upon or secure their indebtedness to such creditors, to the amount in all of over $3,000.

On the 22d of the same month the defendant *Morner* said to Mr. Hand that if their creditors kept crowding them as they were doing, they (the defendants) would have to make an assignment. The defendants attempted to make a voluntary assignment for the benefit of their creditors on November 28, but after the attachment herein had been executed. In *Auley v. Ostermann*, decided herewith,[1] we hold that assignment void as against the creditors of Morner & Ostergren, the assignors. The insolvency of that firm at the time is demonstrated by the fact that the sworn schedules annexed to the assignment show that their debts exceeded even the nominal value of their assets by a considerable sum. The testimony is sufficient to sustain findings that during the time they were executing such conveyances they were being pressed by their creditors for payment or security, and that they were insolvent.

Among the mortgages so executed by the defendants was one to Mendel & Smith, dated November 15, 1884, for $1,200. That firm is scheduled in such assignment as creditors in the sum of $1,110.49. Of this sum $400 was for goods sold the defendants after the mortgage was executed. So at the date of the mortgage the actual indebtedness of the defendants to the mortgagees was but little more than $700.

It is conceded that the mortgage purports to secure more than the mortgagees' demand, but it is claimed that the testimony shows it was given to cover agreed future advances. That may be so, but it does not appear on the face of the mortgage. The above facts would fully uphold a finding that this mortgage is fraudulent as to other creditors of the defendants. In *Butts v. Peacock*, 23 Wis. 359, the late Mr. Justice PAINE, speaking of the effect of

[1] In the case of *Auley v. Ostermann*, a motion for a rehearing was denied February 2, 1886, and the cause will be reported, as of that date, in 65 Wis.—REP.

just such a mortgage as this upon the creditors of the mort-gagor, said: "It tends directly to deceive and mislead them, by inducing them to believe that the property is absolutely incumbered to the amount expressed on the face of the mortgage, when, in truth, it is not so. And it is clear that this might materially hinder them in the enforcement of their claims. . . . And a party is not to be heard to say that he did not intend what he knows to be the natural con-sequences of his actions."

Because the trial court might properly have found from the evidence that the defendants were insolvent when they executed the mortgage to Mendel & Smith, and that they executed the same to secure an amount much greater than the amount of their indebtedness to the mortgagees, with in-tent thereby to hinder and delay the plaintiffs and their other creditors, we cannot disturb the finding of the trial court that, when the traversed affidavit was made, "the de-fendants had assigned, conveyed, disposed of, or concealed a part of their property with intent to defraud their cred-itors."

Again, it appears that on November 22d the defendants executed to the Pritzlaff Hardware Company a mortgage on certain real estate, purporting to secure a debt of $400; and at the same time the defendant *Morner* executed a mortgage on another parcel of real estate belonging to the firm, but held in his name, to the same creditor to secure a debt of the same amount. The actual indebtedness, as shown by the sworn schedules before mentioned, was only $319.64. All that has been said concerning the Mendel & Smith mortgage applies with equal force to the Pritzlaff mortgage.

The testimony strongly suggests other indications of fraud; but it is quite unnecessary to determine whether there were other fraudulent transactions. Neither is it necessary to consider the other finding of the court: that

when the traversed affidavit was made the defendants were about to assign, dispose of, or conceal a part of their property with intent to defraud their creditors. The finding that they had done so is a sufficient basis for the order sustaining the attachment.

*By the Court.*— The order of the circuit court is affirmed.