## McVICKER v. CAMPANINI.

*(Supreme Court, Special Term, New York County.   November 12, 1888.)*

ATTACHMENT—AFFIDAVIT—BY AGENT—SUFFICIENCY.

An affidavit for attachment, made by a son of plaintiff, which states that plaintiff is absent from the state, and that he is entitled to recover a certain sum for breach of contract, but which does not show that the affiant, as agent or otherwise, personally conducted the business out of which the claim arises, nor disclose any circumstance tending to show that he had any knowledge enabling him to state the facts in the affidavit alleged positively and of his own knowledge, is insufficient to authorize the issuance of the writ.

At chambers.   Motion to vacate attachment.

Action by John H. McVicker against Italo Campanini, for breach of contract to lease McVicker's Theater, Chicago.   An attachment issued on the affidavit of plaintiff's son, and defendant now moves to vacate it.

LAWRENCE, J.   This motion is made to vacate an attachment on the papers on which it was granted.   The affidavit is made by a son of the plaintiff, who states at the outset of his affidavit that he is acquainted with, and has knowledge of, the facts hereinafter set forth.   He then proceeds to state that his father is at present in Chicago, from whom deponent has received instructions to commence and prosecute this action, which has been commenced by the issuing of a summons herein.   Then, after stating the nature of the action, and the amount of the alleged indebtedness, the affiant states that the plaintiff is entitled to recover the sum of $2,800, over and above all counter-claims known to him or the deponent.   It is quite clear from the facts stated in the affidavit that the affiant is acting as the agent or attorney in fact of his father, who is a non-resident, and absent from the city.   It has been determined that when the affidavit upon which an attachment is granted is made by an agent, the knowledge of that agent in reference to the existence or non-existence of counter-claims must necessarily rest upon information, unless he has such relation to the business of his principal as to justify the inference of his knowledge, and that such is the presumption until something appears to qualify him to make his statement proof of or upon the fact for the consideration of the judge to whom the application is made.   *Buhl* v. *Ball*, 41 Hun, 65, and cases cited.   It has also been held that when the relation of the agent making the affidavit appears to have been such as to enable him to have the requisite knowledge to state a fact, his affirmation of it may be taken as proof upon which the officer granting the warrant of attachment may judicially act, and it will support it.   Id.; *Gribbon* v. *Back*, 35 Hun, 541; *Cribben* v. *Schillinger*, 30 Hun, 248.   In this case the affidavit under consideration does not show that the son of the plaintiff, as agent or otherwise, personally conducted the business or transaction out of which the alleged indebtedness arose; nor is any circumstance disclosed which tends to show that he had the requisite knowledge to enable him to state the facts in the affidavit alleged positively and of his own knowledge.   The mere fact, then, that the affiant does state that the amount alleged to be due is due over and above all counter-claims known to the plaintiff positively, without showing that, as agent or son, from his connection with the transaction, he was enabled to make such positive averment, is not sufficient under the decisions above referred to.   I must therefore hold that this motion must be granted, with costs.