GEORGE H. CROWNS, APPELLANT, v. JAMES W. VAIL AND WILLIAM LANDOLT, RESPONDENTS.

*The rule as to the presumption that an attorney, making an affidavit in which the facts are stated positively, had positive knowledge of such facts, stated — a creditor applying for an attachment need not swear as to counter-claims existing against an assignor of the claim — Code of Civil Procedure, sec. 636.*

Upon an appeal from an order vacating an attachment, granted upon a motion made by a subsequently attaching creditor, upon the ground that the affidavit upon which such attachment was granted was defective, it appeared that the affidavit was made by one of the members of a firm, who were the attorneys of record for the plaintiff in the action, that it was positive in its terms, alleging a cause of

action; that the defendants were non-residents of the State, and that the sum claimed was due and owing from the defendants to the plaintiff over and above all counter-claims known to the plaintiff or deponent.

*Held,* that a claim made by the appellant that, where the affidavit states facts positively, the court will not presume or infer that the affiant had no such positive knowledge, could not under the circumstances of this case be sustained.

That the true rule was that the statements in affidavits will be presumed to have been made on personal knowledge, unless stated to have been made on information and belief, except where it appears affirmatively or by fair inference that they could not have been, and were not, made on such knowledge.

That where an affidavit, in respect to a transaction of his client, is made by one who is simply an attorney of record in the action, and who is, as far as the record shows, only the attorney for that action, the plain inference is that such attorney has no personal knowledge of the facts as to which he affirms.

That the affidavit in question was entirely insufficient, as the facts alleged must be presumed not to have been within the knowledge of the attorney; and that such being the case they must have been made upon information and belief, and the sources of information and the ground of belief should have been stated.

One Page, the creditor moving to set aside the prior attachment, sued on twenty-four several causes of action originally existing in favor of thirteen different persons, all non-residents of the State, and aggregating over $7,000, all these claims having been assigned to Page. The papers upon which his attachment was granted contained an averment by the affiant Page that all of the original drafts and certificates of deposit therein described were in his possession, and that he had personal knowledge of the contents thereof, and that he had also personal knowledge of the fact that no counter-claims or offsets on such causes of action existed against him in favor of the defendants; and, also, that the plaintiff was entitled to recover from defendants the sum of $7,000, besides interest, over and above all counter-claims known to him.

*Held,* that the affidavit was sufficient; that he was not required by section 636 of the Code of Civil Procedure, which provides what must be done to prosecute a warrant of attachment, to swear as to counter-claims existing against his assignors; that the requirement is that the affidavit must show that the plaintiff is entitled to recover the sum stated therein, over and above all counter-claims known to *him.*

APPEAL from an order, made at the New York Special Term, vacating an attachment which was entered in the office of the clerk of the city and county of New York on June 25, 1888.

*W. A. Butler,* for the appellant.

*F. C. Barlow,* for the respondent.

VAN BRUNT, P. J. :

This motion was made by a subsequently attaching creditor to set aside an attachment which had been granted in this case against

the property of the defendants. The ground of the motion was the infirmity of the affidavit upon which the attachment was granted. The affidavit was made by one of the members of the firm who are attorneys of record for the plaintiff in this action. It was positive in its terms, alleging a cause of action; that the defendants were non-residents of the State, and that the sum claimed was due and owing from the defendants to the plaintiff over and above all counter-claims known to plaintiff or deponent. The appellant seeks to support this affidavit upon the ground that, where the affidavit states facts positively, the court will not presume or infer that the affiant had no such positive knowledge. An examination of the authorities cited by the learned counsel for the appellant does not seem to bear out the broad proposition just enunciated. The true rule seems to be that statements in affidavits will be presumed to have been made on personal knowledge, unless stated to have been on information and belief, and unless it appears affirmatively and by fair inference that they could not have been and were not on such knowledge.

It seems to us that where an affidavit in respect to a transaction of his client is made by one who is simply an attorney of record in an action, and who, as far as the record shows, is only his attorney for this action, the plain inference is that such attorney has not personal knowledge of the facts as to which he affirms. It is not even asserted in the affidavit that the affiant is the attorney, in fact, of the plaintiff, or that he had been the attorney of record of the plaintiff in any previous action, and all that can be inferred from the affidavit is that the retainer to bring this action was the first relation that had ever existed between the plaintiff and the affiant. Such an affidavit seems to be entirely insufficient, as the allegations must be presumed not to be within the knowledge of the attorney; and, such being the case, they must have been made upon information and belief, and the sources of information and the grounds of belief should have been stated.

The appellants, however, further claim that the moving party has no standing in court, because of the infirmity in his own papers. It is a well-settled rule that, when a subsequently attaching creditor attacks the sufficiency of the papers upon which his prior attachment is granted, the court will examine his papers to see whether

they comply with the statute which he invokes as against the prior attachment. The moving creditor sued on twenty-four several causes of action, originally existing in favor of thirteen different persons, all non-residents of the State, and aggregating over $7,000, all these claims having been assigned to the said creditor. The papers upon which his attachment was granted contained an averment by the affiant Page, that all of the original drafts and certificates of deposit therein described were in his possession, and that he had personal knowledge of the contents thereof, and that he had also personal knowledge of the fact that no counter-claims or offsets on said causes of action existed against him in favor of defendants; and also contained the allegation that the plaintiff was entitled to recover from defendants the sum of over $7,000, besides interest, over and above all counter-claims known to him. This affidavit is attacked upon the ground that the affiant did not show that he had sufficient knowledge of counter-claims in favor of the defendant in the attachment existing against the assignor of the claims.

A brief examination of the Code seems to show that this objection is not well taken. Section 636 of the Code, which provides what must be shown to procure a warrant of attachment, is as follows: " To entitle the plaintiff to such a warrant he must show, by affidavit, to the satisfaction of the judge granting the same as follows: First, that one of the causes of action specified in the last section exists against the defendant. If the action is to recover damages for breach of a contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein over and above all counter-claims known to him."

The affidavit of the affiant Page swears to that fact absolutely, and it is of a fact in regard to which he is supposed to have some personal knowledge. He is not required to swear as to counter-claims existing against his assignors; the requirement is that the affidavit must show that the plaintiff is entitled to recover the sum stated therein over and above all counter-claims known to *him*, and not known to him or his assignors. The affidavit, therefore, upon which Page applied to vacate the attachment of the plaintiff was a sufficient compliance with the Code and that part of the affidavit in which he attempted to show that no counter-claims existed in favor of the defendants against his assignors was in excess

of the requirements of the statute. The court cannot impose this additional condition to · the granting of an attachment, without expressing an intention upon the part of the legislature, which has nowhere been intimated. In other words, it would be judicial legislation.

The order should be affirmed, with ten dollars costs and disbursements.

DANIELS and BARTLETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.