By the Court.—Truax, J.
The plaintiff obtained a preliminary injunction upon the complaint and certain affidavits.
It was alleged in the complaint that the plaintiff *236 was engaged in the business of selling men’s and boys’ clothing and furnishings at 596 Broadway, in the city of New York ; that he had hired the said premises at a large expense, and had stocked them with a large stock of merchandise, and that he had advertised at a considerable cost and expense his said place of business in certain of the daily newspapers of the city of New York ; that he had caused to be displayed upon said premises large and prominent signs calling the attention of the public to the character of the business conducted by him, and to the number of plaintiff’s place- of business ; that he had used no name, sign or designation in connection with said business or place of business, except the number of the premises, to wit: the number 596 ; that said number had become generally known to the public as designating the place where plaintiff’s merchandise was sold ; that the said number had become a valuable property and trade-mark ; that the defendants are engaged in and are conducting a business, similar to that of the plaintiff, at No. 532 Broadway, in said city, within a short distance of plaintiff’s above-mentioned premises ; that the defendants have no name upon their said place of business ; that prior to the time that plaintiff commenced business, as aforesaid, the defendants had displayed in front of their place of business the number 532 ; that after plaintiff had advertised his business as aforesaid, the defendants, with the intent to take advantage of plaintiff’s advertising, and , with the further intent of deceiving and defrauding the public, removed their number 532 from its position, and exhibited and displayed, and have ever since exhibited and displayed, the number 596—the said number being in large, white letters—on a signboard painted red in exact imitation, design, color- ■ ing, and size, of the sign-board displayed in front of plaintiff’s said premises.
*237 The complaint was verified by the attorney for the plaintiff.
These allegations were, in substance, repeated in the two affidavits, on which, with thecomplaint, the preliminary injunction was granted; one of these affidavits was made by the attorney for the plaintiff, the other was made by “ the agent of the plaintiff,” but was verified before the attorney for the plaintiff.
It was stated in the verification of the complaint “ that the source of deponent’s information is plaintiff’s statements to him.” It is apparent on reading the complaint and the affidavit of plaintiffs attorney that many of the allegations contained in them were made, and, from the nature of the case, must have been made, on information and belief. The grounds of the belief and the source of the information are plaintiff’s statements.” This court has held that a provisional remedy should not be granted on affidavits that are made on information and belief. Martin v. Gross, 22 N. Y. State Rep. 439 ; also see 19 Ib. 56, 879.
It may be that we can infer that the agent of the plaintiff has sufficient knowledge to enable him to make an affidavit; but his affidavit could not be used to sustain the preliminary injunction, because it was sworn to before the attorney for the plaintiff. The rule not to allow an affidavit taken before the attorney in the action to be read, is an old rule of the King’s Bench (See Tidd’s K. B. Pr. 451) that has often been followed in this state. Taylor v. Hatch, 12 Johns. 340 ; In re Cross, 2 Chan. Suit. 3 ; Anon, 4 How. 290 ; Bliss v. Molter, 58 How. 112 ; Murray v. Heffernan, 2 Law Bull. 67.
We think the rule a good one. The order appealed from is affirmed, with costs.
Freedman, J., concurred.