DOLBEER *v.* STOUT. (No. 1.)

*(Superior Court of New York City, General Term.* January 11, 1892.)

ATTACHMENT BY ASSIGNEE—AFFIDAVIT.

Under Code Civil Proc. § 636, providing that the affidavit for an attachment must show "that the plaintiff is entitled to recover the sum stated therein, over and above all counter-claims known to him," an affidavit made by plaintiff, the assignee of the cause of action, is sufficient if it show that the sum claimed is due "over and above all counter-claims known to him," and it is not necessary to add, "or to his assignors," or to show the sources of his knowledge.

Appeal from special term.

Action by Frazier M. Dolbeer against John Stout, in which an attachment was issued. Defendant appeals from an order denying his motion to vacate the attachment. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE, J.

*Thos. J. Farrell,* for appellant. *Edw. S. Clinch,* for respondent.

GILDERSLEEVE, J. This is an appeal from an order denying defendant's motion to vacate an attachment. The plaintiff, by whom the attachment was obtained against the defendant, is the assignee of the cause of action. The affidavit upon which the attachment was issued was made by him, and in it he swears that the sum claimed is due "over and above all counter-claims known to him." The defendant claims that the affidavit was insufficient, for the reason that, as the plaintiff is only the assignee of the cause of action, he should have added the words "or to his assignors," and that he should have shown from what sources he derived his knowledge that there were no counter-claims. The language used by the plaintiff is the exact phraseology required by section 636 of the Code in that regard. He makes the statement absolutely, without giving the sources from which he obtained his knowledge. The learned counsel for the appellant urges that it might well be that the plaintiff, the assignee of the cause of action, might not know of any counter-claims, being only partially familiar with the business transactions out of which the claims grew; while, at the same time, there might, in point of fact, be a counter-claim known to the assignors of plaintiff. It may be suggested, in answer to this, that it is just as reasonable to suppose that the plaintiff, on being made assignee of the cause of action, would naturally inquire, as an intelligent and prudent man should, into the transactions involved, and, if there were any counter-claims, that he would ascertain them. The case of *Crowns* v. *Vail,* (Sup.) 4 N. Y. Supp. 324, which controlled the decision of the court below, is exactly in point. Likewise, in the case of *Mallary* v. *Allen,* 15 Abb. N. C. 338, the general term of the city court of New York held that the expression "known to him," in section 636 of the Code,—referring to the allegation in regard to counter-claims in the affidavit,—is a mere limiting clause, and proof of the plaintiff's knowledge that there is

no counter-claim is not essential to confer jurisdiction to issue the warrant. In that case, as in the case at bar, the plaintiff was the assignee of the cause of action. In the case of *Doctor* v. *Schnepp*, 7 Civil Proc. R. 144, the city court, general term, held, where one of several plaintiffs made the affidavit for attachment, that the law will not infer the matters positively sworn to are not within the personal knowledge of the affiant, unless it is apparent that such knowledge is a matter of impossibility. The case of *Ruppert* v. *Haug*, 87 N. Y. 141, cited by the counsel for the appellant, is not analogous to the case at bar, for the reason that in that case the affidavit merely stated that the plaintiff was entitled to recover the sum of money specified, without any reference to a counter-claim whatever, which is manifestly not in accordance with the requirements of section 636 of the Code. Neither does the case of *McVicker* v. *Campanini*, (Sup.) 2 N. Y. Supp. 577, cited by the appellant, apply, for the reason that in that case the affidavit was made by the agent of the plaintiff, without stating his sources of knowledge. Nor is the case of *Lee* v. *Association*, Id. 864, in point, as in that case the affidavit was made by the brother-in-law of the plaintiff, who failed to show any knowledge of the matter. Neither does the case of *Cribben* v. *Schillinger*, 30 Hun, 248, apply, as in that case the affidavit was made by one of the attorneys for the plaintiff, in which he merely stated that his knowledge of the matter was derived from a letter sent to him by plaintiff, containing a statement of the account upon which the action was founded; which is clearly insufficient, as he does not even claim that he was informed by the plaintiff of the non-existence of a counter-claim. Nor is the case of *Belden* v. *Wilcox*, 47 Hun, 331, at all decisive of this appeal, as the affidavit there was made by a third person on information and belief, without stating any reason why the plaintiff did not make the affidavit, and setting forth that his information was derived from a complaint and affidavits, filed in the office of the county clerk more than five weeks prior to the time of the making of the affidavit in the attachment proceeding, with nothing to show that within those five weeks a different state of facts had not arisen. This plainly is not a similar case to the case at bar.

The rule is not the same where the affidavit is made by an agent or attorney of a plaintiff as it is where the affidavit is made by the assignee of a claim, who is himself the plaintiff. In case the affidavit on attachment is made by an agent or attorney, the law very properly exacts that he should show some knowledge of the subject, and not rest upon the bare statement of the language of section 636 of the Code, that the amount specified is due and owing "over and above all counter-claims known to him" or to plaintiff. But, where the affidavit is made by the assignee of the claim, the mere statement required by section 636 of the Code is sufficient. See *Crowns* v. *Vail*, (Sup.) 4 N. Y. Supp. 324. This is logical and just, for the reason that the law will presume that the owner of the claim, having made himself liable for costs, and having given a bond, has knowledge of what he states, and is in all respects on the same footing as his assignor would have been had he not assigned the claim, but become plaintiff in the action. A discreet man, proposing to become the assignee of a claim, will make himself familiar with the matters involved in the assignment, before consenting to receive the claim and bring the action. The law presumes every man to act with fair intelligence and reasonable discretion, unless the contrary appears. If the plaintiff makes the affidavit of his own knowledge, the language of the Code is sufficient, whether the plaintiff be the assignee of the claim or the original owner, (see *Crowns* v. *Vail*, *supra*,) unless it affirmatively appears that he could not have had any personal knowledge of the matter. This view is supported by *Ruppert* v. *Haug*, *supra*, where it was held: "It is enough if the affidavit shows this to the satisfaction of the judge who receives the application for the warrant, but there must be some evidence. *Bank* v. *Alberger*,

78 N. Y. 252. The words of the statute need not be followed, although they furnish the safest formula." In that case there was no evidence of the non-existence of a counter-claim, inasmuch as the affidavit was silent in that regard; whereas, in the case at bar, the affidavit supplies the necessary evidence. For the reasons above indicated the order appealed from is affirmed, with $10 costs and disbursements.