By the Court.—Gildersleeve, J.
This is an appeal from an order denying defendant’s motion to vacate an attachment. The plaintiff, by whom the ■attachment was obtained against the defendant, is the assignee of the cause of action. The affidavit upon which the attachment was issued was made by him; and in it he swears that the sum claimed is due “ over and above all counter-claims known to bim.” The defendant claims that the affidavit was insufficient for the reason that as the plaintiff is .only the assignee of the cause of action, he should have added the words “ or to his assignors,” and that he should have shown from what sources he derived his knowledge that there were no counterclaims.
*273 The language used by the plaintiff is the exact phraseology required by section 636 of the Code in that regard. He makes the statement absolutely, without giving the sources from which he obtained his knowledge. The learned counsel for the appellant urges that it might well be that the plaintiff, the assignee of the cause of action, might not know of any counter-claim, being only partially familiar with the business transactions out of which the claim grew; while, at the same time, there might, in point of fact, be a counter-claim known to the assignors of plaintiff. It may be suggested, in answer to this, that it is just as reasonable to suppose that the plaintiff, on being made assignee of the cause of action, would naturally inquire, as an intelligent and prudent man should, into the transactions involved; and if there were any counter-claims, that he would ascertain them.
The case of Crowns v. Vail, 51 Hun, 204, which controlled the decision of the court below, is exactly in point. Likewise, in the case of Mallary v. Allen, 15 Abb. N. C., 338, the general term of the City Court of New York held that the expression known to him,” in section 636 of the Code,—referring to the allegation in regard to counter-claims in the affidavit,—is a mere limiting clause, and proof of the plaintiff’s knowledge that there is no counter-claim is not essential to confer jurisdiction to issue the warrant. In that case, as in the case at bar, the plaintiff was the assignee of the cause of action.
In the case of Doctor v. Schnapp, Civ. Pro. R., 144, the City Court general term held, where one of several plaintiffs made the affidavit for attachment, that the law will not infer the matters positively sworn to are not within the personal knowledge of the affiant, unless it is apparent that such knowledge is a matter of impossibility.
The case of Ruppert v. Haug, 87 N. Y., 141, cited *274 by the counsel for the appellant, is not analogous to the case at bar, for the reason that in that case the affidavit merely stated that the plaintiff was entitled to recover the sum of money specified, without any reference to a counter-claim whatever; which is manifestly not in accordance with the requirements of section 636 of the Code.
Neither does the case of McVicar v. Campanini, 19 State Rep., 56, cited by the appellant, apply, for the reason that in that case the affidavit was made by the agent of the plaintiff, without stating his sources of knowledge.
Nor is the case of Lee v. Co-operative Life Association, 19 State Rep., 879, in point, as in that case the affidavit was made by the brother-in-law of the plaintiff, who fails to show any knowledge of the matter.
Neither does the case of Cribben v. Schillinger, 30 Hun, 248, apply, as in that case the affidavit was made by one of the attorneys for the plaintiff, in which he merely stated that his knowledge of the matter was derived from a letter sent to him by plaintiff, containing ;a .statement of the account, upon which the action was founded 5 which is clearly insufficient, as he does not even claim that he was informed by the plaintiff of the non-existence of a counter-claim.
Nor is the case of Beldon v. Wilcox, 47 Hun, 331, at all decisive of this appeal, as the affidavit there was made by a third person on information and belief, without stating any reason why the plaintiff did not make the affidavit, and setting forth that his information was derived from a .complaint and affidavits, filed in the office of the county clerk, more than five weeks prior to the time of the making of the affidavit in the attachment proceeding, with nothing to show that within those five weeks a different state .of facts had not arisen. This plainly is not a similar case to the case at bar.
The rule is'not the same where the affidavit is made by an agent or attorney of a plaintiff, as it is where the *275 affidavit is made by the assignee of a claim, who is himself the plaintiff. In case the affidavit on attachment is made by an agent or attorney, the law very properly exacts that he should show some knowledge of the subject, and not rest upon the bare statement of the language of section 636 of the Code, that the amount specified is due and owing “ over and above all counterclaims known to him ” or to plaintiff. But where the affidavit is made by the assignee of the claim, the mere statement required by section 636 of the Code is sufficient. See Crowns v. Vail, 51 Hun, 204.
This is logical and just, for the reason that the law will presume that the owner of the claim having made himself liable for costs, and having given a bond, has knowledge of what he states, and is in all respects on the same footing as his assignor would have been, had he not assigned the claim, but become plaintiff in the action.- A discreet man, proposing to become the assignee of a claim, will make himself familiar with the matters involved in the assignment, before consenting to receive the claim and bring the action. The law presumes every man to act with fair intelligence and reasonable discretion, unless the contrary appears.
If the plaintiff makes the affidavit of his own knowledge, the language of the Code is sufficient, whether the plaintiff be the assignee of the claim or the original owner (see Crowns v. Vail, supra), unless it affirmatively appears that he could not have had any personal knowledge of the matter.
This view is supported by Ruppert v. Haug, supra, where it was held : “ It is enough if the affidavit shows this to the satisfaction of the judge, who receives the application for the warrant, but there must be some evidence. Stuben Co. Bank v. Alberger, 78 N. Y., 252. The words of the statute need not be followed, although they furnish the safest formula.”
In that case, there was no evidence of the non-existence *276 of a counter-claim, inasmuch as the affidavit was silent in that regard; whereas in the case at bar the affidavit supplies the necessary evidence.
For the reasons above indicated, the order appealed from is affirmed, with ten dollars costs and disbursements.
Freedman, P. J., concurred.