AHLHAUSER v. BUTLER et al.

(Circuit Court, E. D. Wisconsin. July 6, 1893.)

1. ATTORNEY AND CLIENT — ATTORNEY'S LIABILITY FOR NEGLIGENCE—MAKING INSUFFICIENT AFFIDAVIT.
An attorney who is notified by wire to make an attachment is not liable for negligence in so doing merely because the attachment is dissolved for insufficiency of the attorney's affidavit, unless it appears that such insufficiency was clearly established by the language of the statute, or by well-settled decisions. Bank v. Ward, 100 U. S. 195, followed. Goodman v. Walker, 30 Ala. 482, approved.

2. SAME—NEW YORK LAW.
Code Civil Proc. N. Y. §§ 635, 636, regulating attachments, provides that the judge must be satisfied by affidavit that a cause of action exists, and that plaintiff is entitled to recover the sum stated, over and above all counterclaims. Under these sections an attorney secured an attachment which was subsequently dissolved because the attorney's affidavit did not state his source of information. *Held,* that the insufficiency of such an affidavit was not clearly enough established by the language of the statute to render the attorney liable for negligence.

8. SAME.
The attachment was made in New York city, and there were but two decisions (both in other judicial departments of the state) clearly holding such affidavits insufficient. One decision in another department, one in the same department, which had been affirmed by the court of last resort, and several in other states having similar statutes, held them to be sufficient. *Held,* that its insufficiency was not clearly enough established to render the attorney liable for negligence.

At Law. Action by William Ahlhauser against William Allen Butler and others for negligence while acting as plaintiff's attorneys. The case was tried by the court. Judgment for defendants.

F. W. Cotzhausen, for plaintiff.
Quarles, Spence, Hoyt & Quarles, for defendants.

SEAMAN, District Judge. In this action the plaintiff seeks to recover of the defendants, constituting the law firm of Butler, Stillman & Hubbard, of New York city, for alleged negligence as attorneys, whereby attached funds to the amount of $5,852.01 were

lost to plaintiff. There is no claim of want of promptness or diligence, but the charge of liability rests entirely upon the affidavit for attachment, which was adjudged there to be "wholly insufficient to confer jurisdiction."

In January, 1888, James W. Vail & Co., bankers at Port Washington, Wis., failed. Turner & Timlin, a law firm of Milwaukee, Wis., were retained by five depositors,—Crowns, Bostwick, Lewis, Kahn, and Ahlhauser,—with understanding that they should have priority in the order named. On the night of January 26th Turner & Timlin wired the defendants' firm to attach money of J. W. Vail & Co. in National Park Bank, "quick," for the first four named above (not including plaintiff) for amounts stated. This was answered with inquiries, etc., and followed by considerable correspondence by wire and letter; and the claim of plaintiff was added, for $11,000, to stand subordinate to the others. There was no previous acquaintance or relation between Turner & Timlin and defendants, but the former relied on the high professional standing which is conceded of and for defendants' firm. Attachment proceedings were commenced January 27th in one of the departments of the supreme court of New York in the five cases, and levy made of $5,852.01 of debtors' funds in National Park Bank. The affidavit for attachment was made by John Notman, of defendants' firm; a second affidavit being made on the next day, after further information, and constituting the foundation of attachments. The affiant is stated as attorney for the plaintiff, and swears positively to all the jurisdictional facts. Subsequently one Page, as assignee of sundry other claims, commenced attachment against the same debtors and fund, in the same court, and intervened to set aside these prior attachments; and upon the hearing the presiding judge granted the motion, holding that each affidavit failed to "disclose the source of his information in respect to the fact whether the amount stated in his affidavit was due to the plaintiffs over and above all counterclaims," and that positive statement by such an attorney was not sufficient. Appeal was taken to the general term of the department, and the order was affirmed,—reported as Crowns v. Vail, 4 N. Y. Supp. 324, 51 Hun, 204. The attachments were therefore dismissed, and any claim to the funds lost to these clients. Pending these decisions, upon suggestion of Turner & Timlin, the attachment suit of this plaintiff, Ahlhauser, was discontinued, to enable the taking out of a new attachment in his name, (but for the benefit of prior parties,) upon which to move for dismissal of the Page attachment, and thus regain the funds, if the original attachments failed. This move became abortive when the decisions were reached, as each held the Page attachment valid, and the facts in relation to it are not deemed material to the question here considered, but are referred to because each side urged point upon it; the one as further showing of negligence on the part of defendants, and the other as showing the plaintiff's claim in such standing that he could not have obtained benefit in any event, and therefore suffered no damage. No appeal was taken to the court of appeals,

and, although there was suggestion by Turner & Timlin in one letter to defendants that it should be appealed further, there was refusal to even reimburse defendants for their expenses thus far incurred,—presumably for the reason asserted here as a cause of action. Subsequently Turner & Timlin conducted other proceedings in Wisconsin in behalf of all these clients with such success that all obtained satisfaction of·their claims excepting the plaintiff, who was left with about $7,000 unpaid. As this deficit exceeds the amount of the New York fund which was lost, he claims damages to the amount of that fund.

The question for determination is one of mixed law and fact, which by the waiver of a jury devolves upon the court. Consideration has been confined to the inquiry whether the making and use of the affidavit for attachment which was so adjudged to be insufficient was an act of neglect or ignorance upon the part of defendants, creating liability to the client for resulting loss. It is first necessary to ascertain the measure or degree of negligence which becomes actionable. Much confusion has arisen from employment of the term "gross," in its definition, by courts and text writers,—that the negligence or ignorance to charge liability upon a lawyer must be gross. With broad interpretation this leaves too much opportunity for escape from all responsibility. There is a reason for not holding him as an insurer of the correctness of his judgment or work where he proceeds honestly and with reasonable care and skill; but there is no justice in exempting one who undertakes the practice of the law from requirement of ordinary professional learning and care. The rule, as stated in Bank v. Ward, 100 U. S. 195, is the best, and is authority here, viz. requiring the exercise of "a reasonable degree of care, prudence, diligence, and skill." What is reasonable must depend largely upon the circumstances of each case; pretensions or standing and surroundings of the practitioner entering into consideration. The lawyer ordinarily undertakes to use his best judgment to follow the well-known lines of practice, and not to err when the way is plain to the generality of his profession. The opinion of Clifford. J., in Bank v. Ward, supra, adopts from Bowman v. Tallman, 27 How. Pr. 212, the following further explanation, applicable here:

"It must not be understood that an attorney is liable for every mistake that may occur in practice, or that he may be held responsible to his client for every error of judgment in the conduct of his client's cause. Instead of that, the rule is that, if he acts with a proper degree of skill, and with reasonable care, and to the best of his knowledge, he will not be held responsible."

Upon the question of practice here involved there is a further exemplification of the rule in the excellent opinion of Stone, J., in Goodman v. Walker. 30 Ala. 482, which I think well states the measure to be applied, viz.:

"If the law governing the bringing of the suit was well and carefully defined, both in text-books and in our decisions, and if the rule had existed and been published long enough to justify the belief that it was known to the profession, then the disregard of such rule by an attorney at law renders him accountable for the loss caused by such negligence or want of skill,—

negligence if, knowing the rule, he disregards it; want of skill if he was ignorant of the rule."

If it must be held of this affidavit (1) that the clear language of the statute was against its use, or (2) that it was prohibited by well-settled decisions, as above defined, then I think there would be ground for liability; and this is the remaining inquiry.

1. The provisions for attachment are contained in sections 635 and 636 of the New York Code of Civil Procedure. The requirement as to the affidavit reads as follows:

"To entitle the plaintiff to such a warrant he must show by affidavit to the satisfaction of the judge granting the same as follows: (1) That one of the causes of action specified in the last section exists against the defendant. If the action is to recover damages for breach of contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein over and above all counterclaims."

This does not require that the affidavit be made by the plaintiff, and it is undisputed that it may (and must in many cases) be made by an agent or attorney. It only requires an affidavit of the jurisdictional facts, and to the satisfaction of the judge who issues the warrant. If it is in positive terms, there is no express requirement that the affiant shall state how he knows the facts. Therefore it cannot be held that there was clear reading of the statute against this affidavit, but rather that on its face it seems to favor it.

2. The attachments were vacated by the order of the special term, based entirely upon the ruling that the affidavit was insufficient upon its face, because made by an attorney, without stating the sources of knowledge, although all facts are stated positively. On appeal to the general term this order was affirmed. Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324. It was not carried to the court of appeals, which is the court of last resort in New York, and this decision is conclusive upon the litigants there, and may become the rule of that department, unless the court of appeals shall settle otherwise in some future case. The fact of this adverse decision cannot of itself serve to charge liability upon the defendants, for that would require of the attorney a foreknowledge or insurance of what might be decided by the courts upon questions which are new or open to doubt,—a requirement beyond all rule or reason, and which cannot be imposed.

It is therefore necessary to determine whether there were controlling decisions, prior to the one here pronounced, which would constitute a law of the forum against an affidavit in the form here employed. To this end I have carefully examined all the cases cited in the opinion handed down in Crowns v. Vail, and others referred to, and find only two—in other departments of the state —where questions arose upon the positive affidavit of an attorney or agent, and it was held insufficient without a showing of the sources of knowledge, viz. Cribben v. Schillinger, 30 Hun, 248; Buhl v. Buhl, 41 Hun, 61. In the others cited the affidavits were stated upon information and belief, or otherwise distinguished, and

any statements in the opinions as to the rule for positive affidavits were unnecessary, and dicta. On the other hand, there was in this same first department, where the attachments in question were brought, a clear decision by the general term—Bank v. Whitmore, 40 Hun, 499—upholding an affidavit for attachment made by an agent described simply as "assistant cashier," without stating any sources of knowledge, on the ground that it was positive: and distinguishing from one stated as on information and belief. Applying the same rule to an attorney as to an agent,—and no distinction is made or appears,—this seems to be authority lex fori. But this case has additional force in that it was taken to the court of appeals, and there affirmed. 104 N. Y. 297, 10 N. E. Rep. 524. While the opinion on appeal does not expressly pass upon this form of the affidavit, it must have approved the finding of the general term that it was sufficient; otherwise the defect would have been jurisdictional, and the attachment could not have been sustained. This is the only case found in which the point here involved reached the court of appeals, and it certainly must be taken rather for than against this affidavit. In James v. Richardson, 39 Hun, 399, such an affidavit is held good by the general term of the fourth department. Whatever might be the force of these general term decisions, outside their respective departments, for establishing rules of practice,—and imparting to a statute requirements not apparent on its face, however wise in policy,—it is clear that such decisions must be reasonably harmonious before they can be held to establish the liability of an attorney to damages for nonobservance of the one or the other line. This affidavit had at least the appearance of sanction by the court of last resort, a favoring decision in the same department, and no settled rule against it in the other departments of the state. Furthermore, in other states having similar code provisions, like affidavits were held good. Anderson v. Wehe, 58 Wis. 615, 17 N. W. Rep. 426; Rice v. Morner, 64 Wis. 599, 25 N. W. Rep. 668; White v. Stanley, 29 Ohio St. 423; Simpson v. McCarty, 78 Cal. 175, 20 Pac. Rep. 406; Drake, Attachm. (6th Ed.) §§ 94, 94a.

I therefore hold that the defendants are not liable, and **file herewith findings and order for judgment in their favor.**