AHLHAUSER v. BUTLER et al.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1894.)

No. 154.

REVIEW ON APPEAL—ATTORNEY AND CLIENT—NEGLIGENCE.

Whether an attorney is guilty of negligence in his management of a suit is a question of fact, not reviewable on appeal.

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

Action by William Ahlhauser against William Allen Butler, Thomas E. Stillman, Thomas H. Hubbard, John Notman, Adrian H. Joline, Wilhelmus Mynderse, and William Allen Butler, Jr. Defendants obtained judgment. 57 Fed. 121. Plaintiff brings error.

F. W. Von Cotzhausen, for plaintiff in error.

Frank M. Hoyt and Quarles, Spence & Quarles, for defendants in error.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge. The court is satisfied to affirm the judgment of the circuit court in this case, upon the opinion of the judge before whom the case was tried, reported in 57 Fed. 121, with this observation: That the case does not present itself here, as in the court below, upon the facts and the law together. The court below has found the facts, and that finding has the effect of the verdict of a jury. Appellees' liability turned upon the ques-

tion of negligence in their practice as attorneys in the cases. That question is one essentially of fact, which has been found by the court in favor of the appellees (defendants below), and cannot be reviewed here. That court found that the defendants were not guilty of any negligence or unskillfulness, either in the commence·ment or subsequent management of the cases. This court cannot go behind that finding to review the evidence. That is the settled law of this court and of the United States supreme court. We have no power to review the finding of a trial court upon questions of fact. We can only inquire whether the facts found are sufficient to support the judgment. We are satisfied that the findings of fact are supported by the evidence, and that the court has properly applied the law. St. Louis v. Rutz, 138 U. S. 226, 11 Sup. Ct. 337; Runkle v. Burnham, 153 U. S. 216, 14 Sup. Ct. 837; Reed v. Stapp, 9 U. S. App. 34, 3 C. C. A. 244, and 52 Fed. 641, and cases cited; Skinner v. Franklin Co., 6 C. C. A. 118, 56 Fed. 783, and cases cited.

The judgment of the circuit court is affirmed.