BRUEN et al. v. NICKELS.

(Supreme Court, Appellate Division, Second Department. May 3, 1898.)

SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT.

    For the purpose of procuring an examination of a third party in supplementary proceedings, under Code Civ. Proc. § 2441, an affidavit by the managing clerk of the plaintiff's attorney, alleging that the third party "has personal property of the said judgment debtor exceeding $10 in value," will be presumed to be made upon personal knowledge, and warrants the issuing of the order.

    Bartlett, J., dissenting.

Appeal from Westchester county court.

Action by Albert Bruen and others against George P. Nickels. From an order denying an application on behalf of William C. Fignor to vacate an order for his examination as third party in supplementary proceedings, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

De Witt H. Lyon, for appellant.

Raymond C. Haff and Maurice Meyer, for respondents.

PER CURIAM. The ground on which this appeal is made is that the affidavit on which the order was granted did not state facts sufficient to justify the conclusion, or, rather, that the affidavit stated a conclusion instead of the facts. The affidavit set forth that "said Fignor had personal property of George P. Nickels, the said judgment debtor above named, exceeding ten dollars in value." Under the rule laid down by the court in the case of Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324, and sanctioned by this court in the case of Ladenburg v. Bank, 5 App. Div. 219, 39 N. Y. Supp. 119, the affidavit is sufficient for the purpose of examining a third party in supplementary proceedings, as provided by section 2441 of the Code of Civil Procedure. The rule is that:

"Statements in affidavits will be presumed to have been made on personal knowledge, unless stated to have been on information and belief and unless it appears affirmatively, or by fair inference, that they could not have been and were not upon such knowledge."

The affidavit in this case was made by the managing clerk of the attorney for the respondents, and while there may be some suspicion that he did not know the fact stated, of his own knowledge, we are not in a position to go back of the record, and we must accept the statement as true. The Code of Civil Procedure provides that:

"Upon proof, by affidavit, or other competent written evidence, to the satisfaction of the judge, * * * that any person or corporation has personal property of the judgment debtor, exceeding ten dollars in value, * * * the judgment creditor is entitled to an order, requiring that person or corporation to attend and be examined concerning the debt, or other property, at a time and place specified in the order." § 2441.

The affidavit of the managing clerk that said "Fignor had personal property of George P. Nickels, the said judgment debtor above named, exceeding ten dollars in value," was sufficient to warrant the issuing of the order.

Order appealed from affirmed, with $10 costs and disbursements.

WILLARD BARTLETT, J. I dissent from the conclusion reached by my associates in this case. I regard the decision as fairly in conflict with that made by the general term of the First department in Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324.