* ELIZABETH DUPREY, APPELLANT, *v.* MARY   [196]
ANN MORAN AND SAMUEL DUPREY, RE-
SPONDENTS.

[1] SHERIFF'S SALE—TITLE OF PURCHASER.—The statute regulating Sheriff's sales of
   real estate, does not design to invest a purchaser with the title until six months
   after the sale.

APPEAL from the Fourth Judicial District.

An action of ejectment was commenced the 5th of Feb-
ruary, 1853, for a lot in the City of San Francisco.

The plaintiff introduced evidence to show that the lot in
question had been bought by the defendant Duprey, on the
13th of April, 1850, during the time of his marriage with
the plaintiff; that they had since been divorced upon her
application. The decree of divorce adjudged, among other
things, that plaintiff should "have and recover" one-half of
the common property, and also should recover the sum of
$2,000 for the past maintenance of the child of the marriage.
The plaintiff also introduced a certificate of sale for the lot
from the Sheriff to her, it having been sold under an execu-
tion against Duprey upon the decree of divorce.

The certificate was dated January 25, 1853.

The plaintiff proved that the defendants were in posses-
sion of the lot.

Judgment of nonsuit.

*James B. Townsend,* for Appellant.

*H. S. Love,* for Respondents.

Mr. Justice HEYDENFELDT delivered the opinion of the
Court. Mr. Ch. J. MURRAY concurred.

The statute regulating Sheriff's sales of real estate does

[1] See *Reynolds* v. *Harris,* 14 Cal. 680; *Anthony* v. *Wessel,* 9 Cal. 108.

not design to invest a purchaser with title until six months after the expiration of the sale, the time allowed for a redemption by the judgment debtor or his creditors. This is made very clear, not only from the fact that no conveyance can be executed by the Sheriff until the expiration of [197] the time mentioned, but also from the provision in section 235, which furnishes a remedy * for the purchaser against waste which may be committed pending the period allowed for redemption.

· This view of the question determines, that the action in this case was prematurely begun. The defendant, for aught that can be known to the contrary, would have surrendered possession at the time the plaintiff became entitled to it. The Court was correct in granting a nonsuit.

Judgment affirmed.