## KLENK VS. SCHWALM.

An affidavit for an attachment which states, in the language of the statute, that the indebtedness for which suit is brought is "due upon contract express or implied," is sufficient, without stating more precisely the nature of such contract. "That the defendant has assigned, disposed of or concealed, *or* is about to assign, dispose of or conceal his property, with intent to defraud his creditors," is a

*single* cause for allowing an attachment, under sec. 2, chap. 130, R. S.; and the affidavit is sufficient if it alleges this cause in the language of the statute.

APPEAL from the Circuit Court for *Winnebago* County.

This appeal was taken by the defendant from an order refusing to set aside an attachment. The grounds of the motion will sufficiently appear from the opinion.

*Whittemore & Weisbrod*, for appellant, to the point that the affidavit was defective in not stating more particularly the nature of the defendant's indebtedness, cited *In re Hollingshead*, 6 Wend., 553; *People v. Recorder of Albany*, 6 Hill, 429; *Castellanos v. Jones*, 1 Seld., 164; *Quarles v. Robinson*, 1 Chand., 29; *Elliott v. Jackson*, 3 Wis., 653. To the point that the affidavit was defective in setting out two causes of attachment in the disjunctive, they cited *Merrill v. Low*, Burnett, 63; 3 Watts, 144.

*H. B. Jackson*, contra, cited to the first point, R. S., ch. 130, sec. 2; *Smith v. Luce*, 14 Wend., 237; 1 Kern., 331; Drake on Att., 98, 103, 105. To the second point he cited subd. 2 of said sec. 2; Drake on Att., sec. 102; *VanAlstyne v. Erwine*, 1 Kern., 331; *Howell v. Kingsbury*, 15 Wis., 272.

*By the Court*, COLE, J. The only questions necessary to be considered in this case are those arising upon the affidavit for the attachment. It is objected that the affidavit is defective for not stating with sufficient precision the manner in which the plaintiff's demand has arisen. The affidavit states that the defendant is indebted to the plaintiff in the sum of six hundred and twenty-five dollars and ninety-five cents, over and above all legal set-offs, and "that the same is due upon contract, express or implied." Now it is said that this language is too indefinite and loose to show the nature of the indebtedness, and does not inform the defendant whether the action is brought upon a bank account, promissory note, bond, or what really is the nature of the contract sued on. The statute requires that the plaintiff, or some person in his behalf,

shall make an affidavit, specifying therein, among other things, the amount of indebtedness, &c., "and that the same is due upon contract, express or implied, or upon judgment or decree." Sec. 2, ch. 130, R. S. Now we think the better practice is to state in the affidavit the precise nature of the claim, i. e., whether it arises upon an express or implied contract, or whether upon a judgment or decree. But still such strictness in this particular is perhaps not absolutely essential to the sufficiency of the affidavit. The material fact necessary to appear is, that the cause of action is one arising upon contract, in contradistinction to one founded in tort. This is the material matter which should be disclosed in the affidavit. The defendant is not very likely to be misled as to the nature of the indebtedness, and is rarely in doubt as to whether he is sued upon a book account, promissory note or bond. It is true, this is a remedy given by statute, and a party, to be entitled to it, must bring his case within its provisions. He must show that the defendant is indebted to him in a specified sum upon contract; and, as we construe the law, the language of this affidavit is a substantial compliance with its terms. We must therefore hold this objection to the affidavit untenable.

Again, it is claimed that the affidavit is defective because it sets out two causes for an attachment in the disjunctive. Upon this point it is stated that the plaintiff has good reason to believe that the defendant " has assigned, disposed of or concealed, or is about to assign, dispose of or conceal his property, with intent to defraud his creditors." These causes for an attachment, it is insisted, are repugnant and inconsistent; because, it is argued, if a man has assigned, disposed of or removed his property with intent to defraud his creditors, there is no reason for saying that he is *about* to do it. The statute allows an attachment for several causes, one of which is, " that the defendant has assigned, disposed of or concealed, or is about to assign, dispose of or conceal, any of his property, with intent to defraud his creditors." It is impos-

sible, frequently, for a creditor to ascertain whether a debtor has actually consummated a fraudulent transfer of his property, or whether he is about to do so; and therefore the legislature have made these one ground for an attachment. Fraudulent sales are generally secret; and it may be very difficult to say, at a given moment, whether they are fully accomplished or not. Hence a party is permitted to state his case in the alternative—that the defendant has assigned, disposed of or concealed, or is about to assign, dispose of or conceal his property, with intent to defraud his creditors. And when regard is had to the manner in which the legislature has enumerated the different cases in which attachments may issue, there can be no doubt that the second subdivision of section 2 was considered as constituting in fact one ground or cause of attachment.

The order refusing to vacate the attachment is therefore affirmed.