[No. 12854. In Bank. — January 29, 1889.]

ANDREW SIMPSON ET AL., RESPONDENTS, *v.* MATTHEW McCARTY, APPELLANT.

| 78 | 175 |
| 107 | 486 |
| 78 | 175 |
| 142 | 138 |

ATTACHMENT — SUFFICIENCY OF AFFIDAVIT — AVERMENTS UPON KNOWLEDGE. — An affidavit for attachment need not state whether its averments are based upon direct knowledge, or upon information and belief, and if the facts are stated positively, it will be implied that they were within affiant's knowledge.

ID. — AFFIDAVIT BY AGENT. — An affidavit for attachment made by a business agent of the plaintiff need not aver that he is an agent for the collection of the debt, nor that he makes it in behalf of the plaintiff, nor that the facts are peculiarly within his knowledge, nor that there is any reason why the plaintiff does not make it.

Id. — Account Stated — Express or Implied Contract. — An affidavit for attachment, averring an indebtedness to the plaintiff "upon an account stated, or contract for the direct payment of money," is not fatally defective for not averring whether the contract was express or implied.

Appeal from an order of the Superior Court of San Joaquin County, refusing to dissolve an attachment.

The facts are stated in the opinion of the court.

*Carter & Smith,* and *James H. Budd,* for Appellant.

Proceedings by attachment are statutory, and must be strictly followed. (*Roberts* v. *Landecker,* 9 Cal. 262.) The affidavit must be positive and not in the alternative. (*Merced Bank* v. *Morton,* 58 Cal. 360; *Wilke* v. *Cohn,* 54 Cal. 212; *Harvey* v. *Foster,* 64 Cal. 296; *Winters* v. *Pearson,* 72 Cal. 554; *Hawley* v. *Delmas,* 4 Cal. 195.) An account stated may be either an express or implied contract. (*Volkening* v. *De Graaf,* 81 N. Y. 268; *Stenton* v. *Jerome,* 54 N. Y. 484.) The affidavit should state that it is made in behalf of plaintiffs. (Code Civ. Proc., sec. 538; *Miller* v. *Chicago M. & St. P. R'y Co.,* 58 Wis. 310.) The affidavit should show affiant's knowledge of the facts, and that he had authority to make it for plaintiffs. (*Wiley* v. *Aultman,* 53 Wis. 560.)

*C. H. Clement,* for Respondents.

The affidavit for attachment is no part of the pleadings, and does not require the nicety of statement demanded in them. (Code Civ. Proc., sec. 4; *Roberts* v. *Landecker,* 9 Cal. 262; *Rowles* v. *Hoare,* 61 Barb. 266; Waples on Attachment, 80.) The affidavit is good, even if this court should adhere strictly to the construction given in *Hawley* v. *Delmas,* 4 Cal. 195. (*Bowers* v. *London Bank of Utah,* 3 Utah, 417.) The requirement of certainty does not altogether exclude alternate allegations. (Waples on Attachment, 95 et seq., and cases there cited; Drake on Attachments, sec. 107; *Van Kirk* v. *Wilds,* 11 Barb. 520.) The affidavit by the agent is sufficient.

(Drake on Attachments, secs. 94, 106 et seq.; Wade on Attachments, sec. 58, and cases cited.)

BEATTY, C. J. — This is an appeal from an order overruling a motion to dissolve, vacate, and set aside a writ of attachment. The grounds of the motion were: 1. That the affidavit did not conform to section 538 of the Code of Civil Procedure, in that it did not state whether the debt was upon an *implied* or an *express* contract; 2. That it did not appear whether the affidavit was made upon knowledge, or upon information and belief; 3. That it did not appear that the affidavit was made by or on behalf of the plaintiffs; 4. That the attachment was improperly issued, because the affidavit neither stated whether the contract sued on was express or implied, nor stated facts from which it could be ascertained whether the contract was express or implied; 5. That it did not appear whether the undertaking was made and entered into before or after suit brought; 6. That the undertaking was in the alternative.

The portion of the affidavit called in question was in the following language:—

"[Title of court and cause.]

"State of California, county of San Joaquin, *ss.*

"J. M. White, being duly sworn, says : That he is the *agent and salesman of the plaintiffs* in the above action; that the defendant in the said action is indebted to *them* in the sum of $1,295.75, gold coin of the United States, over and above all legal set-offs and counterclaims, *upon an account stated, a contract, for the direct payment of money,* etc."

That portion of the undertaking to which objection is made reads thus:—

"[Title of court and cause.]

"Whereas, the above-named plaintiffs have commenced, or are about to commence, an action," etc., dated this seventh day of February, 1888.

The objections to the undertaking have not been urged here.

As to the affidavit, we think there is no force in the second or third of the objections specified as grounds of the motion.

The statute does not require the affiant to state whether his averments are based upon direct knowledge, or upon information and belief, and when, as here, the facts are stated positively without qualification, it will be implied that they were within the knowledge of the affiant.

Neither is it required that the person who makes affidavit in behalf of the creditor should show that he is the agent of the creditor for the collection of the debt, or by express averment that he makes it in his behalf, or that the facts are peculiarly within his knowledge, or that there is any particular reason or excuse for the omission of the creditor to make the affidavit himself, and there is nothing in the policy of the law requiring the interpolation of such provisions by construction.

The serious question involved in the appeal arises upon the first and fourth objections.

It was held by this court in an early case (*Hawley* v. *Delmas*, 4 Cal. 196) that an affidavit, alleging in the bald language of the statute that the indebtedness arose upon an express or implied contract, was insufficient to sustain an attachment, and in several subsequent and some recent cases that decision has been cited with approval. Doubtless it states the law correctly, and unless this case can be distinguished, the order appealed from must be reversed.

It seems to us, however, that the cases are distinguishable. The real vice of the affidavit in *Hawley* v. *Delmas*, as pointed out in the opinion of Myrick, J., in *Wilke* v. *Cohn*, 54 Cal. 213, was, that it stated nothing with certainty; it did not allege an express contract; it did not allege an implied contract; and consequently, did not

establish the essential fact that any sum of money was due from defendant to plaintiff upon a contract for the direct payment of money. Obviously, this is the one essential fact, for, as regards the right to attach, it makes not a particle of difference whether the contract is express or implied, and all that was decided in the cases referred to was, that so loose an allegation in the alternative could not be treated as an allegation of either alternative. Here, however, is no allegation that if one thing is not true, then another is; it is positively and directly charged that the defendant is indebted to plaintiff "upon an account stated, a contract for the direct payment of money." It may be true, as contended by counsel for appellant, that an account stated can be either an express or implied contract; but on the other hand it is undeniable that in either case it is a contract for the direct payment of money. The allegation that there is an account stated makes it certain that at least the elements of the implied contract exist, and the mere fact that there is nothing to negative the existence of the additional element necessary to constitute it an express contract does not, in our opinion, deprive the allegation of the requisite degree of certainty.

For these reasons I think the order appealed from should be affirmed, and it is so ordered.

THORNTON, J., PATERSON, J., and SHARPSTEIN, J., concurred.

WORKS, J., concurring.—It is held in *Hawley* v. *Delmas*, 4 Cal. 196, and cases following it, that an affidavit alleging, in the language of the statute, that the indebtedness is "upon a contract express or implied," is insufficient, because, being in the alternative, it fails to show that it is upon either an express or an implied contract. An account stated may be "a contract express or implied." Therefore an affidavit alleging that it is an account stated is identical with the one held to be bad,

because it in effect avers that the indebtedness is upon either an express or an implied contract, and is directly within the cases referred to. But in my judgment, the affidavit in *Hawley* v. *Delmas* was sufficient under the statute. It is totally immaterial whether the contract is express or implied, as the right of the attaching creditor is precisely the same in either case. The fact of the indebtedness *upon contract* is the material thing to be alleged; therefore, to say that the defendant was indebted upon contract, express or implied, should, in my judgment, have been held sufficient.

In the case of *Klenk* v. *Schwalm*, 19 Wis. 111, such an affidavit was held to be sufficient under a statute precisely like our own. For the reason that I do not concur in the rule laid down in the earlier cases referred to, I am of opinion that the affidavit here is sufficient, but if those cases are to be adhered to, I am unable to see how we can do otherwise than to hold the affidavit to be insufficient.

McFARLAND, J., dissenting.—I dissent, and agree with the following opinion written by Commissioner Hayne.

HAYNE, C.—I think *Hawley* v. *Delmas* is in point; and that under that decision the affidavit must show whether the contract is express or implied. If the only thing necessary to be shown was that there was a contract, the alternative words in the affidavit could have been, and presumably would have been, rejected as surplusage. The statement that the indebtedness was on an account stated, does not show whether the contract was express or implied because an account stated may be an implied contract. (*Hendy* v. *March*, 75 Cal. 566.) Unless *Hawley* v. *Delmas* is to be overlooked, I think the order appealed from should be reversed.

Rehearing denied.