## GEORGE L. SEVERN *vs.* RICHARD E. GIESE.

Opinion filed October 18th, 1897.

**Attachment—Grounds—Affidavit.**

> In this action an attachment issued, based upon an affidavit which stated as the sole ground of the attachment "that the defendant, Richard E. Giese, has left the State of North Dakota, with intent to cheat and defraud his creditors." *Held*, construing § 5352, Rev. Codes, that said affidavit is insufficient in substance to authorize an attachment under said section.

Appeal from District Court, Stutsman County; *Fisk*, J.

Action by George L. Severn against Richard E. Giese. From a judgment discharging an attachment, plaintiff appeals.

Affirmed.

*Fredrus Baldwin*, for appellant.
*James A. Murphy*, for respondent.

WALLIN, J. The record discloses that a writ of attachment issued in this action, under which a levy was made upon certain goods and chattels of the defendant. On motion of the defendant the District Court discharged the attachment, and this appeal is from the order discharging the same. The sole question presented for determination in this court is whether the affidavit which is the foundation upon which the writ issued is legally sufficient. The language used in the affidavit, upon which appellant entirely depends, is as follows: "That the defendant, Richard E. Giese, has left the state of North Dakota, with intent to cheat and defraud his creditors." Appellant's counsel contends that the affidavit is sufficient, under § 5352 of the Rev. Codes, and argues that it is a substantial compliance with subdivision 1, and also with subdivision 2, of that section. Subdivision 1 reads: "When the defendant is not a resident of this state or is a foreign corporation." We find no language in the affidavit which states or suggests that the defendant is not a resident of this state, nor that the defendant resides in any particular state or country. It is very clear, therefore, that the affidavit fails to set forth a suffi-

cient ground for issuing the attachment under subdivision 1 of the section. Subdivision 2 reads: "When the defendant has absconded or concealed himself." The affidavit does not in terms allege that the defendant has either absconded or concealed himself. It is well settled that an affidavit framed under either of said subdivisions is sufficient if it sets out the very words of the statute. In setting out grounds of attachment under subdivisions 1 or 2 of the section, it would be superfluous and improper to plead evidential or explanatory facts in support of the general ground as embodied in the words of the statute itself. This being the case, authorities cited from New York by counsel, which are based upon statutes which require such evidential facts to be set out, are not in point in this state. The crucial question is whether the affidavit states a ground of attachment under the statute in this state when it was made. As has been seen, the language does not in terms embrace the words of either subdivision 1 or 2. Conceding, without deciding, that words in an affidavit which are precisely the same in their import and meaning as those used in the statute are sufficient to sustain the process, we are yet compelled to hold that the words used in the affidavit in question are not precisely or at all the same in meaning as the words in the statute. The affidavit states that the defendant "left the state." But it does not disclose whether, in leaving the state, he did so with a purpose of remaining away permanently, or whether he left with a purpose of returning to the state after a brief absence; nor does it aver that the defendant was out of the state at the time when the affidavit was made. We think that the allegation that the defendant had left the state some time in the past not stated is not in effect an allegation that defendant was at the time not within the state. But if the affidavit had, as it did not do, in terms negatived the fact of the defendant's return to the state, and of his presence within the state at the time the affidavit was made, and had distinctly charged that the defendant not only left the state with the fraudulent purpose alleged, but that he continued to remain out of the state, while harboring the fraudulent

purpose with which he departed, it would still, in our opinion, have been clearly insufficient in matter of substance as a foundation for an attachment under § 5352, *supra*. The defects in the affidavit are radical. Not only does it fail to contain the very words of the statute under which it is sought to be upheld,—which would have been sufficient,—but it omits to employ other words of the same meaning. The affidavit fails to show that defendant had absconded. *i. e.* left the state to go into hiding; nor does it aver that the defendant had concealed himself by leaving the state, or in any manner. The incurable infirmity of the affidavit consists in the fact that at the time it was made there was no statute in force which authorized an attachment process to issue upon any grounds stated in the affidavit. This being true, it can serve no useful purpose to speculate upon the question propounded by counsel, whether or not another statute, not then in force, would have authorized the process of attachment.

The order discharging the attachment was, in our judgment, clearly proper, and must therefore be affirmed. All the judges concurring.