### SUFFICENCY OF AN AFFIDAVIT IN ATTACHMENT.

Decided, March 9, 1907.

THE AMERICAN MANUFACTURING COMPANY v. THE NATIONAL SUPPLY COMPANY.

[Circuit Court of Lucas County.]

*Attachment—Affidavit for, Sufficient, When—Office of the Affidavit—Essential Elements, Nature of the Claim and Ground of the Attachment Sought—Affidavit may be Aided by Express Reference to Averments of the Petition—Facts Constituting the Cause of Action Unnecessary—Non-Resident Corporation—Unliquidated Damages Under a Contract.*

1. An affidavit in attachment should contain a statement of the nature of the claim in order to show that the action is one in which an attachment may issue, and a statement of the ground or grounds upon which the attachment is sought.
2. An affidavit for attachment contains a sufficient statement of the nature of the plaintiff's claim, if in appropriate terms it refers to the petition and on examination the petition discloses such a cause arising on contract as would justify the issue of an attachment.

Taber & Clapp, for the defendant in error, cited *Cook* v. *Engine Works*, 19 R., 732; *Northern Nat. Bank* v. *Rolling Mill Co.*, 2 N. P., 260; *Coston* v. *Paige*, 9 Ohio St., 397; *Harrison* v. *King*, 9 Ohio St., 388; *Creasser* v. *Young*, 31 Ohio St., 57; *Hockspringer* v. *Ballenburg*, 16 Ohio, 304; *Emmitt* v. *Yeig*, 12 Ohio St., 335; *Constable* v. *White*, 1 Handy, 45; *Hoover* v. *Haslage*, 5 N. P., 90; *Simpson* v. *McCarty*, 78 Cal., 175 (20 Pac. Rep. 406); *Haywood* v. *McCrory*, 33 Ills., 459; *Thierman* v. *Vahle*, 32 Ind., 400; *Drew* v. *Dequindre*, 2 Doug. (Mich.), 93; *Klenk* v. *Schwalm*, 19 Wis., 111; *Phelps* v. *Young*, 1 Ill., 327; *Stifel* v. *Bank*, 16 Bull., 398; *Halbert* v. *Armstrong*, 14 C. C., 296; *Caldwell* v. *Spillman*, 7 W. L. J., 149; *Pennsylvania Ry.* v. *Peoples*, 31 Ohio St., 537; *Landis* v. *Case*, 5 N. P., 366; *Conley* v. *Creighton*, 5 Am. Law Rec., 421; *Conley* v. *Creighton*, 2 Bull., 4.

WILDMAN, J.; HAYNES, J., and PARKER, J., concur.

This is a proceeding in error to reverse the judgment of the court of common pleas of this county. The suit below was

by the defendant in error, the National Supply Company, against the plaintiff in error, the American Manufacturing Company, to recover unliquidated damages to the amount of four thousand dollars, upon the breach of a certain contract alleged to have been entered into between the parties. The American Manufacturing Company, being a non-resident, was brought into court by proceedings in attachment, and the only ground of claimed error before us is, that the court below erred in holding sufficient the affidavit for said attachment.

It is claimed that this affidavit is defective in that it does not with sufficient clearness state the nature of the plaintiff's claim. In this respect the affidavit says, "That the nature of the plaintiff's claim in this action is a demand arising upon contract, as is set forth in the petition filed herein." No attack is made upon the affidavit for any alleged insufficiency in other respects. It is not claimed that it does not sufficiently state a proper ground for the attachment—the non-residence of the defendant corporation—nor that it fails in any of the other averments required by the statute. It is insisted, however, that it does not sufficiently state the nature of the plaintiff's claim, and that its reference to the allegations of the petition, to reinforce and supply whatever may be lacking in the affidavit, is not permissible.

An affidavit for an attachment may properly be divided into two essential parts. One is a statement of the nature of the claim, in order to show that it is a case in which an attachment may issue. The other is a statement of the ground of the attachment sought in the particular case. There are numerous grounds for an attachment; one of which is, that the defendant is a foreign corporation—or a non-resident of this state. This affidavit says both that the American Manufacturing Company is a non-resident of the state of Ohio and that it is a foreign corporation. The last clause of Section 5521, stating the grounds of attachment, provides that:

"An attachment shall not be granted on the ground that the defendant is a foreign corporation or a non-resident of this state, for any claim other than a debt or demand arising upon contract, judgment or decree, or for causing death or a personal injury, by a negligent or wrongful act."

Section 5522 provides what are the requisites of the affidavit, as follows:

"An order of attachment shall be made by the clerk of the court in which the action is brought, in any case mentioned in the preceding section, when there is filed in his office an affidavit of the plaintiff, his agent or attorney, showing: (1) The nature of the plaintiff's claim."

Then there are certain other matters in regard to the justice of the claim and of the existence of one of the grounds for the attachment as provided in the preceding section. The statute does not provide that there shall be any especial form of stating the nature of the claim. Indeed, it does not say, in terms, that the affidavit shall state the nature of the claim, but it says that the affidavit shall show it—that is, that an affidavit shall be filed showing the nature of the plaintiff's claim. This affidavit—as has been once before said by this court in another case—is not directed to the court, but is rather for the information of the clerk and to authorize the clerk to issue the process in an attachment proceeding. In a case which I decided while on the common pleas bench (*Hoover & Woodward* v. *Haslage*, 5 Nisi Prius Reports, p. 90) I held that:

"It is unnecessary, in an affidavit for attachment, to allege the facts constituting the cause of action on which the attachment is based. The plaintiff is required to state only the 'nature of the claim.' An affidavit which states that the action is 'upon a book account for merchandise sold to said defendant, amounting to $471.47,' is in this respect a substantial compliance with the statute, and sufficient."

This case was affirmed by the circuit court; but, as no special emphasis was laid by the circuit court in its decision of the case upon the question of the sufficiency of the affidavit, in this statement of the nature of the claim, I will make no special reference to it further than to cite it, *infra*.

In their bearing upon the questions here involved, some of them close and some remote, I cite the cases of *Haslage* v. *Hoover & Woodward*, 16 Circuit Ct., 570; *Constable* v. *White*, 1 Handy, 44; *Simpson* v. *McCarty*, 78 Cal., 175 (12 Am. St.

Rep., 37); *Cope* v. *Mining & Prospecting Co.*, 1 Montana, 53; *Haywood* v. *McCrory*, 33 Ills., 459, in which on page 462, the court says:

"The statute does not require the nature of the indebtedness to be described with any degree of particularity. The affidavit states the nature and amount of the indebtedness; and that is all that the law requires to be stated in regard to it."

I cite also: *Theirman* v. *Vahle*, 32 Ind., 400; *Drew, Receiver,* v. *Dequindre*, 2 Douglas (Mich.), 93; *Klink* v. *Schwalm*, 19 Wis., 111; *Phelps* v. *Young*, 1 Ills., 327, where the question was raised as to the sufficiency of the affidavit for an attachment, as in the case at bar, and it was held by the court:

"Under the attachment law of 1827, which requires that the amount and nature of the indebtedness should be specified in the affidavit, it is sufficient to state that the non-resident is justly indebted to the plaintiff in the sum of $—— by his certain instrument in writing signed by him."

In the case at bar, we have an averment as to the justice of the claim—that the plaintiff ought to recover the sum of $4,000, and that the claim is one arising on contract, with the other reference already recited, to the petition for more specific information as to the character of the action. The Illinois court in the case just cited, says:

"The proceeding must be considered as one against a non-resident debtor, and all the forms of the statute appear to have been complied with, unless the affidavit upon which the attachment was sued out should be defective in not sufficiently specifying the nature of the indebtedness. The statute requires that the plaintiff in the attachment shall specify in his complaint, on oath or affirmation, the amount and nature of the indebtedness of the defendant. The deposition sets out that Phelps is justly indebted unto the plaintiff 'in the sum of fourteen hundred dollars by his certain instrument of writing signed by him'; and the question is thus presented for determination whether this is the description of specification intended by the statute. It would seem at a first examination of the object of the act, that there was not that compliance with its spirit in the specification given, as its framers intended, but when it is recollected that the plaintiff has filed his declara-

tion, in which the entire cause of action is fully set forth, the objection loses its force.''

The case of *Miller* v. *Chandler*, 29 Louisiana Annual, p. 88, is a case in which the affidavit for attachment was held to be aided by the averments of the petition. Probably in that case the affidavit was one upon the same sheet, or written with the petition itself, but I fail to see that that makes any substantial difference. The decision of the court was, in this respect, as follows:

"The petition sets out clearly and distinctly a cause of action *ex contractu* a debt alleged to be due to plaintiff by defendant, and it charges that defendant is a non-resident. The affidavit is that 'all the allegations of the foregoing petition are true.' There can be no question as to the sufficiency of this affidavit to authorize the order, and to maintain the writ of attachment.''

It does not seem to be disputed by counsel for plaintiff in error that if the petition had been sworn to absolutely and the affidavit had then referred to it and made the petition a part of the affidavit, with such reference, that it might be used in aid of the affidavit to determine the nature of the proceeding; but it is contended that in the case at bar the petition is not sworn to absolutely and that the affidavit does not expressly make the petition a part of it, although it says that the case is one arising on a contract, ''as is set forth in the petition filed herein.''

In the case of *Stifel* v. *Cincinnati Nat'l Bank*, 16 Weekly Law Bulletin, 398, the Cincinnati Superior Court, at its general term, in October, 1886, passed upon a case in which reference was made, in an affidavit for attachment, to the petition in the case, and the court held:

"Averments in the petition in an action may, by express reference, be incorporated in an affidavit for attachment.''

I will not take time to read the case, which is especially interesting in that it cites a number of authorities bearing more or less closely upon the question, including the case which I have already cited of *Miller* v. *Chandler, supra*, decided by the Supreme Court of Louisiana.

It is our view that this affidavit, while not quite so specifically drawn as it might well have been, is still sufficient, if an examination of the petition to which ·it refers discloses such a case arising on a contract as would justify the issue of an attachment against a non-resident debtor. We think that the petition discloses such a case. It is a case for unliquidated damages, but it is a case arising on a contract.

In another case which was before me on the common pleas bench, *Samuel M. Landis* v. *Cora E. Case,* 5 Nisi Prius Rep., 366, I held that:

"An attachment will lie on the ground that the defendant is a non-resident of the state under R. S. 5521, subs. 1 and 9, and constructive service may be obtained by publication, in an action for special damages for breach of land contract notwithstanding the fact that such damages are unliquidated."

I based my opinion very largely upon the case of *Pennsylvania Railroad Co.* v. *Peoples,* 31 O. S., 537, which holds:

"Negligence of a railway company by which a passenger is injured, may be made the basis of an action upon the company's contract to carry the passenger, or in tort, at the passenger's election," and "although the case was clearly one for unliquidated damages, the cause of action was one arising upon contract within the meaning of the attachment statute before referred to.""

The Supreme Court referred to the statute relative to attachments and affidavits therefor.

Our conclusion is, that this case is one in which an attachment is authorized; the affidavit discloses the fact that the defendant was a non-resident corporation and the other grounds for an attachment, and that there was brought to the knowledge of the clerk, before the issuing of the order of attachment, the nature of the plaintiff's claim with sufficient precision to justify the clerk in the issuance of the writ. We think that the court below did not err in overruling the motion to discharge the attachment, and the judgment below will be affirmed.

*Smith & Beckwith,* for plaintiff in error.

*Taber & Clapp,* for defendant in error.