### 6631

### FLEMING v. BYRD.

ON MOTION TO DISSOLVE AN ATTACHMENT on the ground that the cause
of action set forth in the affidavit is not the cause of action alleged
in the complaint, the complaint may be considered with the affidavit,
although not verified nor made a part of the affidavit. So considering
the papers in this case, by a liberal construction, they support a cause
of action for damages for breach of a contract as set forth in the
affidavit and in such action attachment will lie against property in
this State owned by non-resident defendant.

Before WATTS, J., Greenville, December, 1906. Reversed.

Action by Jane Fleming and Mollie Miller against T. M.
Byrd, Garvin McMakin *et al.* From order dissolving attachment, plaintiffs appeal.

*Mr. J. J. McSwain, for appellants,* cites: *Attachment will
lie:* 4 Cyc., 452; 31 S. C., 360; 58 S. C., 406. *Unverified
complaint should not be considered:* 62 S. C., 532, 365; 31
S. C., 36, 361; 57 S. C., 77; 54 S. C., 582; 42 S. C., 342.
*Validity of attachment must be tested by affidavit:* 50 S. C.,
200; 62 S. C., 532.

*Messrs. Haynesworth, Patterson* and *Blythe,* contra, cite:
*Attachment is only a provisional remedy:* 32 S. C., 342.
*Attachment should not issue in this action:* 50 S. C., 192.

August 20, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order
setting aside an attachment.

On the 9th of June, 1906, the plaintiff filed the following
affidavit with the clerk of the court, on which an attachment
was issued and levied upon certain real property, belonging
to the defendant, T. M. Byrd, in Greenville County:

"Personally comes Sarah Jane Fleming, who upon oath says that she is the plaintiff in this action, and that a cause of action exists in her favor against the defendant, T. M. Byrd, on account of breach of contract made by said T. M. Byrd with plaintiff and her deceased husband, L. H. Fleming, to the effect that said T. M. Byrd would support and care for plaintiff and her husband, so long as both should live, upon a certain tract of land in Spartanburg, which was conveyed by deed to said T. M. Byrd, upon consideration of said agreement, and said T. M. Byrd has breached and failed to comply with said agreement, and has sold said tract of land to Garvin McMakin, and has himself removed from the State and is now a resident of Gainesville, Ga., and is not a resident of South Carolina, and the damages sustained by plaintiff under and by virtue of said breach is one thousand dollars, and that said T. M. Byrd has real estate in Greenville city, said county and State, which plaintiff is informed and believes that said T. M. Byrd is undertaking to sell and dispose of, and the same is subject to attachment and levy at instance of plaintiff." * * *

The defendant made a motion to dissolve the attachment on the grounds that it was irregularly issued, "in that this action is not one wherein attachment may issue under the provisions of the Code; and in that this section is not for the recovery of damages, as stated in the affidavit upon which said attachment is founded, and the affidavit is insufficient."

On hearing the motion his Honor, the Circuit Judge, granted the following order: "This was a motion to dissolve the attachment herein on the ground that it was irregularly issued, in that the Code does not authorize the issue of attachment in actions of this character. In my opinion the point is well taken. It is, therefore, ordered that the attachment be, and is hereby, vacated."

The plaintiff appealed, and the exceptions, in different form, assign error in the said ruling.

Section 248 of the Code provides that in any action arising for the recovery of money, against a defendant, who is

not a resident of this State, the plaintiff at the time of issuing the summons, or any time afterwards, may have the property of such defendant attached, &c.

By reference to the affidavit, it will be seen that it sets forth the fact, that she is the plaintiff in an action against the defendant for breach of a certain contract, by which she sustained damage to the extent of one thousand dollars, and the fact that the defendant is not a resident of this State. These facts, standing alone, would show that the plaintiff was entitled to the writ of attachment.

The respondent's attorneys, however, contend that the affidavit should be read in connection with the complaint, when it will be seen that the attachment was irregularly issued.

The complaint was not verified and was not made part of the affidavit.

It is true that when the motion, to dissolve an attachment, is on the ground that the affidavit is not sufficient to sustain an attachment, the plaintiff cannot supplement the defective affidavit, by facts stated in the complaint, unless it is verified and made a part of the affidavit. *Addison* v. *Sujette,* 50 S. C., 192, 28 S. E., 948; *Chitty* v. *R. R.,* 62 S. C., 526, 40 S. E., 944.

But a different question is presented, when the motion to dissolve is on the ground that the cause of action set forth in the affidavit is not the cause of action alleged in the complaint. The former is an attack upon the regularity of the attachment proceedings, and must be tested by the papers before the clerk when he issues the writ; the latter is an attack upon the truth of the affidavit, and is therefore a motion to dissolve on the ground that it was improvidently issued, in which case the defendant may rely upon the complaint for the purpose of showing that the cause of action stated in the affidavit is not the true one. As an attachment is only incidental to, and in aid of the action set out in the complaint, it would be an anomaly to sustain an attachment based upon a cause of action wholly distinct from that stated

in the complaint. His Honor, the Circuit Judge, therefore, properly considered the complaint in determining the motion.

An examination of the complaint, however, will show that it states facts which, by a literal construction, will support a cause of action for damages for breach of contract, as set forth in the affidavit, although such facts are mixed up with other allegations appropriate to a different cause of action. Such defects may be cured by a motion to amend.

It is the judgment of this Court, that the order of the Circuit Court be reversed.