(115 N. W. 191.)

---

F. MAYER BOOT & SHOE 'CO., A CORPORATION v. ROBERT J. FERGUSON.

Opinion filed Jan. 11, 1908. Rehearing denied Feb. 21, 1908.

**Attachment — Affidavit — Sufficiency — Personal Knowledge of Affiant.**

An attachment based upon an affidavit made by plaintiff's attorney is sufficient if the facts are positively stated in the language of the statute; it being unnecessary that the affidavit should disclose in addition thereto that the affiant possessed personal knowledge of such facts.

Appeal from District Court, Cass county; *Pollock, J.*

Action by the F. Mayer Boot & Shoe Co. against Robert J. Ferguson. From an order denying motion to dissolve an attachment, defendant appeals.

Affirmed.

*M. A. Hildreth,* for appellant.

Affidavit is fatally defective if it shows that affiant had no personal knowledge of the facts sworn to. Tim v. Smith, 93 N. Y. 87; Mech. & Traders Bank v. Louchein, et al., 55 Hun. 396; Thomas v. Dickinson, 11 N. Y. Supp. 436; O'Reilly v. Freel, 37 How. 272; Jones v. Hoefs, 14 N. D. 232, 103 N. W. 751; Sonnesyn v. Aiken, 12 N. D. 227, 97 N. W. 557.

*Glassford & Lacy,* for respondent.

Failure to deny truth of affidavit does not raise the issue that the attachment was defective as disclosing no knowledge of affiant. Ladenburg v. Bank, 39 N. Y. Suppl. 119.

Issuance of a warrant in North Dakota is a ministerial act and the affidavit was sufficient. Anderson v. Wehe, 17 N. W. 426; White v. Stanley, 20 Ohio State 423; Deering & Co. v. Warren, 44 N. W.

1068; Simpson v. McCarty, 12 Am. St. Rep. 37, 20 Pac. 406; Eureka Steam Heating Co. v. Sloteman, 30 N. W. 241; Wheeler v. Farmer, 38 Cal. 203.

FISK, J. This is an appeal from an order denying a motion to dissolve an attachment. The ground of the motion was the alleged insufficiency of the affidavit upon which the warrant of attachment was issued. The particular ground of the attack was and is that James W. Glassford, the person who made said affidavit, possessed no personal knowledge of the facts therein sworn to by him. The affidavit is positive, and not upon information and belief; and, in substance, affiant states that he is one of the attorneys for plaintiff, and that the action was brought for the recovery of the purchase price of goods sold and delivered by plaintiff to defendant in June and July, 1906, at the agreed price and of the reasonable value of $621.60, on which no payments have been made except the sum of $50. Then follows a list of the goods thus sold, and which it is stated are subject to levy under the warrant of attachment for the purchase price thereof. Other facts are stated, which, however, are immaterial to the question here involved.

Counsel for appellant contends that Glassford, as plaintiff's attorney could not have possessed personal knowledge of the sale of these goods, and hence that his affidavit, being based upon mere hearsay, was of no validity, and he cites in support of such contention certain decisions from the state of New York. This contention is clearly unsound. Our statute is radically different than that of New York. In this state the warrant of attachment is issued by the clerk in a ministerial capacity upon a verified complaint setting forth a proper cause of action for attachment and upon an affidavit setting forth in the language of the statute one or more statutory grounds for attachment. Sections 6941, 6942, Rev. Codes 1905. In New York, the warrant is issued by the court in a judicial capacity, upon proper proof by affidavit of certain facts required by statute to be shown. It is therefore apparent that the New York decisions upon the question of the sufficiency of the affidavit are not in point in this state, and such is the express holding of this court in Severn v. Giese, 6 N. D. 523, 72 N. W. 922. Wallin, J., there said: "It is well settled that an affidavit framed under either of said subdivisions is sufficient if it sets out the very words of the statute. In setting out grounds of attachment under subdivisions 1 and 2 of the section it would be

superfluous and improper to plead evidential or explanatory facts in support of the general ground as embodied in the words of the statute itself. This being the case, authorities cited from New York by counsel, which are based upon statutes which require such evidential facts to be set out, are not in point in this state. The crucial question is whether the affidavit states a ground of attachment under the statute of this state when it was made." The fact that most of the property is described in the affidavit in the vernacular of the boot and shoe trade does not render the affidavit void, nor is there any presumption that the plaintiff's attorney who made such affidavit was ignorant of the meaning of the technical terms used in describing such property. We are entirely clear that the affidavit was sufficient, and that the defendant's motion to dissolve the attachment was properly denied. Our views find support in the following cases: Deering & Co. v. Warren, 1 S. D. 35, 44 N. W. 1068; Anderson v. Wehe, 58 Wis. 615, 17 N. W. 426; White v. Stanley, 29 Ohio St. 423; Simpson v. McCarty, 78 Cal. 175, 20 Pac. 406, 12 Am. St. Rep. 37; Gilkeson v. Knight, 71 Mo. 403; Wheeler v. Farmer, 38 Cal. 203.

The order appealed from is accordingly affirmed, with costs to respondent. All concur.

Opinion filed Nov. 8, 1907. Rehearing denied Feb. 21, 1908.