L. H. WEIL, W. C. Doble, and J. Westheimer, Doing Business Under the Firm Name of Weil, Doble, & Company, v. T. R. QUAM, Doing Business as Quam Clothing House.

(131 N. W. 244.)

**Attachment — Motion to Dissolve — Burden of Proof.**

1. In motions for dissolution of an attachment, the facts stated in the original affidavit being denied, the burden is on plaintiff to support the allegations thus made; failing to do this, the attachment should be dissolved.

**Attachment — Sufficiency of Affidavit — Language of Statute.**

2. While it is not necessary to use the exact language of the statute in the affidavit, yet the facts must be sufficiently stated, from which a conclusion "in language of the statute" would necessarily be drawn.

**Attachment — Sufficiency of Affidavit — Description of Property — Action for Purchase Price.**

3. Where the attachment is sought under subparagraph 8 of § 6938, the property must be described specifically. It is not enough to tell where the goods are, but definite allegations must be made showing what they are.

**Attachment — Affidavit Supplemented by Complaint.**

4. What the statute requires to be stated in the affidavit must be truly stated therein. Plaintiff cannot supplement a defective affidavit by facts stated in the complaint, unless it is verified and made a part of the affidavit.

Opinion filed March 28, 1911. Rehearing denied May 1, 1911.

Appeal from District Court, Eddy county; *Burke,* Judge.

Action by L. H. Weil et al., doing business under the firm name of Weil, Doble, & Company, against T. R. Quam, doing business as Quam Clothing House.

From an order dissolving an attachment, plaintiff appeals.

Affirmed.

*John Knauf,* for appellant.

One seeking to vacate an attachment must deny all grounds in the affidavit on which it was issued. Hornick Drug Co. v. Lane, 1 S. D. 129, 45 N. W. 329; Lindquist v. Johnson, 12 S. D. 486, 81 N. W. 900.

Note.—Necessity that statement of material facts in affidavit for attachment be certain and definite in legal point of view, see Goodman Bros. & Co. v. Henry, 35 L.R.A. 847.

Right to amend affidavit for attachment, see note in 31 L.R.A. 422.

*Maddux & Rinker,* for respondent.

Where attachment is issued for levy on goods, for the purchase price of which the action was brought, the goods must be specifically described. F. Mayer Boot & Shoe Co. v. Ferguson, 17 N. D. 102, 14 L.R.A.(N.S.) 1126, 114 N. W. 1091.

POLLOCK, Special Judge. This is an appeal from an order setting aside an attachment. On the 26th day of May, 1909, plaintiffs, simultaneously with the commencement of an action, filed the following affidavit with the clerk of the court in which an attachment was issued, and levied upon certain personal property belonging to the defendant. Omitting the venue and title, the affidavit is as follows:

"K., being first duly sworn, deposes and says that he is the attorney for the plaintiff in the above entitled action; that the defendant, T. R. Quam, has absconded and concealed himself from his place of business in North Dakota, and that he is now absconding and concealing himself so as to prevent the collection of debts against him, and that the debt upon which the foregoing action has been commenced was incurred for personal property sold to the defendant by the plaintiffs, and which consisted of goods, wares, merchandise, coats, socks, underclothing, hose, pants, and gents' furnishings now held and contained by the defendant in his storeroom in New Rockford, in said county and state, and which said goods, wares, and merchandise were sold to the said defendant at his special instance and request on or about the 31st day of October, 1908, and upon which there is due and unpaid the plaintiffs the sum of $442.18." (Signed and duly verified.)

1. The attachment proceedings were commenced in pursuance of §: 6938, subdivisions 2 and 8, which are as follows:

"In an action on a contract or judgment for the recovery of money only, for the wrongful conversion of personal property, or for damages, whether arising out of contract or otherwise, the plaintiff, at or after the commencement thereof, may have the property of the defendant attached in the following cases:

"2. When the defendant has absconded or concealed himself.

"8. In an action to recover purchase money for personal property sold to defendant, an attachment may be issued and levied upon such property."

The defendant by proper affidavit denied the facts stated in the moving papers.

In this condition of the record, the burden of proof fell upon the plaintiffs to support the allegations of their affidavit by a fair preponderance of the evidence. They furnished no testimony other than that contained in the original affidavit, while the defendant produced overwhelming evidence that he had not absconded or concealed himself. Upon that ground, therefore, the attachment was improvidently issued. F. Mayer Boot & Shoe Co. v. Ferguson, 17 N. D. 102, 14 L.R.A.(N.S.) 1126, 114 N. W. 1091.

Bennett, J., in Wm. Deering & Co. v. Warren, 1 S. D. 35, 44 N. W. 1068, upon a statute in all essential particulars similar to our own, fully discussed the rules governing the issue and dissolution of attachments. The doctrine there stated finds cordial approval by this court.

2. Respondent urges that the original affidavit was insufficient to permit the issuance of an attachment under subparagraph 8 above, in this: that the description of the property sought to be attached was indefinite and uncertain, and did not contain sufficient allegations as to the fact that the action was brought "to recover purchase money for personal properties sold to the defendant." We are of the opinion that, notwithstanding the language of § 6942 of the Revised Codes of 1905, stating that the warrant shall issue "upon a verified complaint, etc.," . . . "and an affidavit setting forth in the language of the statute one or more grounds of attachment enumerated in § 6938," etc., it is not necessary to use the exact words of the statute, provided the facts are sufficiently stated in the affidavit from which a conclusion "in the language of the statute" would necessarily be drawn. "The lien acquired by statute is an extraordinary remedy, and dependent wholly upon the statute, and the statute must be strictly, or at least, substantially, complied with." Murphy v. Montandon, 3 Idaho, 325, 35 Am. St. Rep. 279, 29 Pac. 851. Tested by these rules, the allegations as to "the purchase price" were sufficient.

3. Was the affidavit sufficient as to the description of the property? We think not. By this subparagraph 8, a special lien is attempted to be given, and specific personal property is sought to be taken. As in this case, the property is frequently mixed with other property upon which other persons may have a right to levy. The object of the statute is, not only to give the defendant notice of what is attached, but to warn

other creditors as well. Every person in any manner entitled to have or secure an interest in such property should have a proper basis of information, upon which he could act if necessity required. It is not enough to tell where the goods are, but definite allegations must be made showing what the goods are. This ruling does not require an impossibility. Generally speaking, a description of the property can be easily secured. Where sales to merchants are made, resort to invoices of properties sold will furnish such information. The fact that more property is described in the affidavit than can be found would not defeat the proceedings as to the property described, which was actually found.

4. Nor can the affidavit in this case be aided by reference to the complaint or the return of the sheriff, who stated: "I then and there executed said warrant by seizing a portion of the goods, wares, and merchandise in the possession of the defendant in his storeroom in New Rockford, North Dakota, theretofore sold to the defendant by said plaintiffs, and a copy of the inventory therein is set forth herein as follows," adding a full description. What the statute requires to be stated in the affidavit must be truly stated therein, and, if not so stated, the attachment should be dissolved, even though the requisite facts omitted in the affidavit are alleged in the complaint. Fisk v. French, 114 Cal. 400, 46 Pac. 162. When a motion to dissolve an attachment is on the ground that the affidavit is not sufficient to sustain an attachment, the plaintiff cannot supplement the defective affidavit by facts stated in the complaint, unless it is verified and made a part of the affidavit. Fleming v. Byrd, 78 S. C. 20, 58 S. E. 965.

If the affidavit cannot be aided by assistance from necessary allegations in the complaint, much less can it be by the statement of an officer that he had levied upon the properties sold to the defendant by plaintiffs.

The order setting aside the attachment is affirmed, with costs for respondents.

All concur, except MORGAN, Ch. J., not participating, and BURKE, J., disqualified.

BURKE, J., having tried the case below, did not sit in the case, and took no part in the decision, Honorable CHARLES A. POLLOCK, Judge of the Third Judicial District, sitting in his stead.